Tracy L. McCRAW, et al., Petitioner,

v.

Jimmie L. MARIS, Respondent.

No. C–9832.

Supreme Court of Texas.

Feb. 19, 1992.

Rehearing Overruled June 10, 1992.

Joe D. Gregory, Grapevine, Gary W. Sibley, Dallas, for petitioner.

David S. Stubblefield, Dallas, for respondent.

## OPINION

HIGHTOWER, Justice.

The issue before this court is whether certain evidence was admissible in an action to determine whether the surviving spouse or the surviving children of Donna Ann Maris are entitled to the proceeds of her life insurance policy. After excluding certain evidence, the trial court determined that the surviving spouse was entitled to the life insurance proceeds. The court of appeals affirmed. —— S.W.2d ——. We reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings on all issues.

Donna Ann Maris was an employee of the United States Department of Labor and had obtained life insurance under a Federal Employee's Group Life Insurance policy. Under federal statute,[1] the life insurance proceeds are paid to the surviving spouse of the deceased employee unless the employee signed a written beneficiary designation form and filed it with the employing office. At her death in 1987, Donna Ann Maris was survived by her estranged hus-

---

1. 5 U.S.C.A. § 8705(a) (West 1967 & Supp.1990).

band, Jimmie L. Maris ("Maris"),[2] and two children from a prior marriage, Tracy L. McCraw and Kristina N. McCraw ("McCraws").[3] The McCraws, the surviving children, filed suit for declaratory judgment asserting that they were entitled to the life insurance proceeds because Donna Ann Maris signed and filed the appropriate form with the employing office designating them as beneficiaries and the beneficiary designation form was subsequently lost. Maris, the surviving spouse, counterclaimed asserting that he was entitled to the life insurance proceeds. During trial, the court admitted testimony that two co-employees witnessed Donna Ann Maris' signature on some forms and that it was Donna Ann Maris' habit to complete handwritten duplicate forms prior to typing and filing the original form. However, the court excluded, among other things, a "duplicate beneficiary designation form" in the handwriting of Donna Ann Maris. The trial court determined that the surviving spouse was entitled to the life insurance proceeds. The court of appeals held that the trial court did not err in excluding the "duplicate beneficiary designation form."

The McCraws argue that the duplicate beneficiary designation form in the handwriting of Donna Ann Maris was admissible. We agree.

█ We consider whether the duplicate beneficiary designation form constitutes hearsay and, if it does, whether it qualifies under any exception to the hearsay rule. Rule 801(d) of the Texas Rules of Civil Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX.R.CIV.EVID. 801(d). The duplicate beneficiary designation form was offered to prove that Donna Maris followed her usual habit of typing and filing a form from the draft. Although the duplicate beneficiary designation form is an out-of-court statement, it is not hearsay because it was not offered to prove the truth of any matter asserted within it, but only that it existed. Out-of-court statements are not hearsay if offered for a purpose other than to prove the truth of the matter asserted. *Turner, Collie & Braden v. Brookhollow, Inc.*, 642 S.W.2d 160, 167 (Tex.1982). Since the duplicate beneficiary designation form was offered only to prove its existence, we conclude that it was not hearsay. As a result, we hold that the duplicate beneficiary designation form in the handwriting of Donna Ann Maris was admissible.

█ Since we have determined that exclusion of the "duplicate beneficiary designation form" was erroneous, we must determine whether the exclusion constituted reversible error. For the exclusion of evidence to constitute reversible error, the complaining party must show (1) that the trial court committed error and (2) that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Gee v. Liberty Mut. Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989); TEX. R.APP.P. 81(b)(1). Since we have determined that the trial court committed error when it excluded the "duplicate beneficiary designation form," we must determine whether the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. This court has recognized "the impossibility of prescribing a specific test for determining whether any error ... [including] the improper admission or exclusion of evidence ... 'was reasonably calculated to cause and probably did cause the rendition of an improper judgment.'" *Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818, 821

2. At the time of her death, Donna Ann Maris and Jimmie Maris had been married for approximately 7 years. However, although they were never divorced, they had been separated for more than 6 years.

3. Tracy L. McCraw, the surviving son of Donna Ann Maris, was twenty-one years old at the time of his mother's death. Kristina N. McCraw, the surviving daughter of Donna Ann Maris, was thirteen years old at the time of her mother's death. Lena J. Wiggins, the mother of Donna Ann Maris, is the Independent Executrix of the Estate of Donna Ann Maris. Ms. Wiggins is a party to this suit in a representative capacity as the Independent Executrix of the Estate of Donna Ann Maris and as Next Friend of Kristina N. McCraw.

(Tex.1980). "Such a determination necessarily is a judgment call entrusted to the sound discretion and good senses of the reviewing court." *Id.* However, it is not necessary for the complaining party to prove that "but for" the exclusion of evidence, a different judgment would necessarily have resulted. The complaining party is only required to show that the exclusion of evidence probably resulted in the rendition of an improper judgment. *Howard v. Faberge, Inc.*, 679 S.W.2d 644, 648 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). *See King v. Skelly*, 452 S.W.2d 691, 696 (Tex.1970). In making this determination, the court must review the entire record. *Gee v. Liberty Mut. Ins. Co.*, 765 S.W.2d at 396; *Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d at 821.

■ Under the McCraws' theory of the case, it is necessary that they prove (either directly or by circumstantial evidence) that Donna Ann Maris signed and filed the appropriate form with the employing office designating them as beneficiaries. Evidence of the duplicate beneficiary designation form in the handwriting of Donna Ann Maris combined with admitted evidence that it was Donna Ann Maris' habit to complete handwritten duplicate forms prior to typing and filing the original constitutes crucial circumstantial evidence concerning proof that Donna Ann Maris signed and filed the appropriate beneficiary designation form. Under these circumstances, the McCraws have demonstrated that exclusion of the "duplicate beneficiary designation form" was reasonably calculated to cause and probably did cause rendition of an improper judgment.[4]

We reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings on all issues.

GONZALEZ, Justice, dissenting.

I disagree with the Court's conclusion that the trial court's alleged erroneous exclusion of evidence requires reversal. More fundamentally, however, I disagree with the manner in which the Court has decided this case. Today's majority opinion discusses only one of the complaints that the McCraws properly preserved for our review. To reverse and remand the case for a new trial **"on all issues"** without any guidance as to the McCraws' other complaints ensures another appeal, wastes judicial resources, and unnecessarily adds to the parties' emotional and financial burdens. I write separately to address the issues before us which the Court has chosen not to address.

By statute, Donna Maris' federal employee group life insurance benefits are payable "to the beneficiary or beneficiaries designated by [her] in a signed and witnessed writing received before death in the employee office." Absent any such designated beneficiaries, the benefits are payable to her widower, Jimmie Maris. 5 U.S.C. § 8705(a). When Donna Maris died, her employee office files did not contain a written designation of beneficiaries. Her children (the McCraws) now contend that a writing designating them as beneficiaries in compliance with the statute was received in the office but then lost. To establish their contention, the McCraws rely entirely upon circumstantial evidence, some of which, they now contend, the trial court erroneously excluded. *See* —— S.W.2d at —— n. 4. The McCraws lost their case at the trial court and at the court of appeals. Now this court, without offering any guidance to the trial court or the parties, mandates that the parties must start over. Assuming that the trial court and the court of appeals will adhere to their prior rulings, we ultimately will have to address again the tough questions currently before us.

First, the McCraws complain that the trial court should have admitted the testi-

4. The McCraws also asserted points of error complaining of the trial court's exclusion of (1) the testimony of four witnesses who had inspected their personnel files and found that the employing office had lost their beneficiary designation forms and (2) evidence of Donna Ann Maris' intent to name her children as her sole heirs including her statement that she had filed beneficiary forms designating them as beneficiaries. Because we reverse and remand, the court of appeals' judgment and opinion are vacated and do not control the disposition of these evidentiary issues on retrial.

mony of four witnesses who would have testified that they searched their own personnel files after Donna Maris' death and found one or more beneficiary designation forms missing. Although this testimony is not hearsay, TEX.R.CIV.EVID. 801, it nevertheless is not admissible because it is not relevant. It does not have, in the definitive language of Rule 401, "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." One cannot logically deduce that Donna Maris' form was lost from the mere fact that four people found that forms were missing from each of their files. If there were only five files total, missing papers from 80% of them might suggest a pattern; but if there were five thousand files, a sampling of .08% of them reveals nothing probative. Without additional information, which the McCraws failed to offer, the excluded testimony would not make the determinative fact of whether Donna Maris' form was lost more probable or less probable. Thus, in my opinion, the trial court did not err in excluding this evidence.

Next, the McCraws argue that the trial court should have admitted what the Court calls a **"duplicate"** beneficiary designation form in Donna Maris' handwriting. Actually, there is no evidence that this excluded form was ever a duplicate of anything. Rather, two witnesses testified that Donna Maris' habit was to draft a form in handwriting and then type up the copy to be filed. The McCraws contend that the excluded form is such a draft designating the McCraws as beneficiaries of Donna Maris' life insurance benefits. Although the form is an out-of-court statement, it is not hearsay because it was not offered to prove the truth of any matter asserted. Indeed, it was offered to prove merely that it existed, implying that Donna Maris followed her usual habit of typing and filing a form based on her handwritten draft. The trial court erred in excluding it as hearsay. The inquiry then is whether this error was reversible, and I conclude that it was not.

The third group of evidence excluded by the trial court and complained about by the

McCraws consists of Donna Maris' affidavit, her will, and testimony that she said she filed forms designating her children as beneficiaries of her life insurance. This latter testimony is clearly inadmissible hearsay. Donna Maris' will was admitted by the trial court. The affidavit, signed two days before Donna Maris died, avers:

To: Any and all insurance companies, employers and other entities from whom any monies are payable as a result and upon my death.

I, Donna Ann Maris, being of sound mind, hereby revoke all beneficiary designations in any and all life insurance policies, pension and retirement benefit programs, and all other plans that require payment of any funds on my death and hereby make the following beneficiary designation, to wit:

To my executrix, Lena J. Wiggins, to be added to my estate and held, administered and disbursed in accordance with the provisions of my last will and testament.

The McCraws offered the affidavit to prove that their mother did not change her decision to make them her beneficiaries, and in that context, the affidavit is clearly hearsay. Even if the affidavit fell within an exception to the hearsay rule, it is still inadmissible because it is irrelevant. There is no dispute in the evidence that Donna Maris wanted her children to be the beneficiaries of her life insurance benefits. At one point, Jimmie Maris stipulated that Donna loved her children and had an excellent relationship with them. The dispute is not whether Donna changed her mind about her children, but whether she filed a written designation of beneficiaries with her personnel office. The affidavit has no relevance to this issue and was therefore correctly excluded.

Even supposing that the trial court did err in excluding the evidence, I disagree that the error "was reasonably calculated to cause and probably did cause rendition of an improper judgment" to justify reversal. *See* TEX.R.APP.P. 81(b)(1). If anything, the excluded affidavit seems to impair the McCraws' position; for if Donna

McCraw really thought that she filed a form designating her children as her beneficiaries, it is difficult to explain why she felt the need to revoke that designation on her death bed. Better to have left matters alone or to have averred that she had filed the designation. The affidavit implies, consistent with the trial court's judgment, that Donna Maris never filed a written form designating her children as her beneficiaries. The testimony concerning missing forms in four other employee files is, as discussed above, meaningless and could not have caused the fact finder to think the McCraws' contention either more or less likely. The form in Donna Maris' handwriting might have had some importance to the fact finder, but this single piece of circumstantial evidence would not have been so convincing as to change the result of the case.

It is apparent that the Court is stretching to give the McCraws another bite at the apple. If the parties' positions were reversed, that is, if the McCraws would be entitled to Donna Maris' life insurance benefits only if she did not file a beneficiary designation, I doubt seriously that the Court would feel compelled by the rules of evidence to conclude that she filed a form which was subsequently lost. Admittedly, the result reached by the trial court and affirmed by the court of appeals is harsh, but it was based on the statute which established "an inflexible rule that a beneficiary must be named strictly in accordance with the statute, irrespective of the equities in a particular case." *Metropolitan Life Ins. Co. v. Manning,* 568 F.2d 922, 926 (2nd Cir.1977). The parties have not alleged that the federal statute governing this case is ambiguous, indefinite, or uncertain. No matter how much we may abhor the result, we are duty-bound to follow the statute as written.

In summary, in an unorthodox manner, the court has vacated the judgment and opinion of the court of appeals and has declared that "they do not control the disposition of these evidentiary issues on retrial." —— S.W.2d at —— n. 4. The trial court and the parties are put in the awkward position of predicting how this Court will ultimately rule. Because the court is either unable or unwilling to resolve these difficult questions, it has guaranteed at least one more trip through the Texas appellate system with attorneys' fees eating up most, if not all, of any recovery to either side.

For the above reasons, I dissent.

CORNYN, Justice, dissenting.

Uniformity in the application of our rules of evidence is important to our jurisprudence to the end that each case should be adjudicated according to the same rules of admissibility. This is but one meaningful way of guaranteeing that justice is administered equally under the law. Because the majority opinion seeks a result rather than fidelity to a uniform, result-neutral application of the rules of evidence by which cases must be tried, I dissent. Furthermore, I join JUSTICE GONZALEZ in objecting to the peculiar fashion in which the court chooses to decide only one of the issues raised in this appeal, leaving the parties, the bench and the bar without a clue as to the proper resolution of the dispute over the omitted issues and their application on retrial.

The Federal Employees Group Life Insurance Act (FEGLIA) provides in pertinent part:

(a) The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of this death, in the following order of precedence:

First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office.... *For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.*

Second, if there is not designated beneficiary, to the widow or widower of the employee.

5 U.S.C.A. § 8705(a) (West 1967 & Supp. 1991) (emphasis supplied). Without any explanation, the majority omits any discussion of the very statute upon which the proper disposition of this case turns.

In 1966 Congress amended the FEGLIA to its present wording to legislatively overrule a number of decisions by the federal circuit courts of appeal that had eroded the harsh effect of the literal working of the statute, focusing on the "manifest intention of the insured." *Metropolitan Life Ins. Co. v. Manning*, 568 F.2d 922, 925 (2d Cir.1977), *quoting United States v. Pahmer*, 238 F.2d 431, 433 (2d Cir.1956), *cert. denied*, 352 U.S. 1026, 77 S.Ct. 592, 1 L.Ed.2d 597 (1957). The 1966 amendment established "an inflexible rule that a beneficiary must be named strictly in accordance with the statute irrespective of the equities in a particular case." *Metropolitan Life Ins. Co. v. Manning*, 568 F.2d at 925–26.

It should go without saying that we "must follow the clear language of the statute." *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985). This is true even though a judge may disdain the particular result. *See In re Dublin's Estate*, 244 S.W.2d 242, 244 (Tex.1952). Moreover, this is not a situation where Congress acquiesced to the courts' expansive construction of the statute's coverage. Congress plainly sought to limit the manner in which beneficiaries could be designated, presumably to prevent just what is happening here: expensive and time-consuming litigation over the benefactor's intent.

The controlling issue in this dispute is: Was the designation of change of beneficiary form *filed* in accordance with the FEGLIA? It is the majority's failure to identify and focus on this controlling fact issue that starts it down the path to error.

Under our rules of evidence, one of the first hurdles to admissibility is a showing of relevance. TEX.R.CIV.EVID. 401. The majority completely leapfrogs relevance— the requirement that there must be "some logical connection, either directly or by inference, between the fact offered and the fact to be proved." *Pittman v. Baladez*, 158 Tex. 372, 312 S.W.2d 210, 216 (Tex. 1958). " 'Relevant evidence' means evidence having any tendency to make the existence of *any fact that is of consequence to the determination of the action* more probable or less probable than it would be without the evidence." TEX. R.CIV.EVID. 401 (emphasis supplied). Although the original Rule 401 included a specific test for materiality, the current rule subsumes materiality in the test for relevance by requiring that the proffered evidence relate to a "fact that is of consequence to the determination of the action." *See* WENDORF, SCHULUETER & BARTON, TEXAS RULES OF EVIDENCE MANUAL, Article IV. Relevancy and its Limits (3d ed. 1991). In this case, the issue of fact that is of consequence to the determination of the action is whether the change of designation of beneficiary was *filed*, not whether a handwritten duplicate beneficiary designation form *existed*, as the majority holds. Evidence of the *existence* of a duplicate designation of beneficiary form in the handwriting of Donna Ann Maris is not admissible because it does not have any tendency to make the alleged fact of *filing* more or less probable. As such, the trial court correctly excluded this evidence.

Petitioners argue that the district judge, as the trier of fact, could have inferred the ultimate fact from the offered evidence. An inference is merely a deduction from the facts proved. *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059 (1898). Although an ultimate fact may be proved by circumstantial evidence, such a finding must be based on inferences fairly drawn from the facts in evidence and not on surmise or speculation. *See Briones v. Livine's Dept. Store*, 446 S.W.2d 7, 10 (Tex.1969); *Prudential Ins. Co. v. Krayer*, 366 S.W.2d 779, 780 (Tex.1963). More to the point here, however, "[w]hen circumstances are consistent with either of ... two facts and nothing shows that one is more probable than the other, neither fact may be inferred." *Litton Indus. Products, Inc. v. Gammage*, 668 S.W.2d 319, 324 (Tex.1984) (citing *Texas Sling Co. v. Emanuel*, 431 S.W.2d 538

(Tex.1968) and *Continental Casualty Co. v. Fountain*, 257 S.W.2d 338 (Tex.Civ. App.—Dallas 1953, writ ref'd)). Here, there is no logical relationship between the offered evidence and the claimed conclusion. It does not follow that because she filled out a *duplicate* beneficiary designation form in her own handwriting that she, in fact, *prepared and filed an original form* any more than it may be inferred that although she intended to do so, she did not file it. *See generally* Cadena, *The Pyramiding of Presumptions and Inferences in Texas*, 4 ST. MARY'S L.J. 1 (Spring 1972).

Even if the majority is impelled to the conclusion that exclusion of this evidence was error, Petitioners have not met their burden to show any error was reasonably calculated to cause and probably did cause rendition of an improper judgment. TEX. R.APP.P. 81(b)(1). The excluded evidence of the duplicate beneficiary designation form is cumulative of other evidence admitted on this point and, thus, even erroneous exclusion is harmless error. *Rose v. O'Keefe*, 39 S.W.2d 877, 879 (Tex.Comm'n App.1931, opinion adopted); *Thrailkill v. Montgomery Ward & Co.*, 670 S.W.2d 382, 387 (Tex.App.–Houston [1st Dist.] 1984, writ ref'd n.r.e.). Certainly, the inferences which petitioners seek to have drawn from the excluded evidence are cumulative of the inferences that they sought to have drawn from the evidence admitted and considered by the trial court. Moreover, how the majority can hold that in this non-jury trial— where the trier of fact actually heard all the evidence, both admitted and excluded, albeit on a bill of exception—that admission would have probably resulted in a different judgment is beyond me. I would affirm the judgment of the court of appeals.