NUMBER 13-04-410-CV

 

                                 COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

CONCEPCION H. REYNA AND

BENITO REYNA,                                                                  Appellants,

 

                                                             v.                                

 

CARLOS E. MALDONADO, JR., D.O.,                                           Appellee.

 

     On
appeal from the 357th District Court of Cameron County, Texas.

 

                              MEMORANDUM
OPINION

                                                              

           Before
Chief Justice Valdez and Justices Castillo and Garza 

                             Memorandum
Opinion by Justice Garza

 








Appellants, Concepcion and Benito Reyna, sued
appellee, Carlos Maldonado, D.O., alleging, among other things, a cause of
action for medical negligence based on appellee=s
failure to detect and diagnose a cancerous tumor in Concepcion=s left breast in December 1999.  The trial court ruled that Neil Longley,
M.D., an expert witness for appellants, could not testify about whether
Concepcion actually had a tumor in December 1999 because he lacked the
requisite expertise.  See Tex. R. Evid. 702.  At the close of appellants= case-in-chief, the trial court granted a directed
verdict in appellee=s favor. 
Appellants now argue that the trial court erred by excluding Dr. Longley=s testimony. 
In a cross-appeal, appellee argues that the trial court erred by denying
his motion for dismissal and sanctions under section 13.01 of former article
4590i of the Texas Revised Civil Statutes.[1]  

We conclude that appellants have failed to establish
that the trial court=s error, if any, in excluding Longley=s testimony, probably led to the rendition of an
improper judgment.  Accordingly, we
overrule appellants=s sole issue on appeal.  See Tex.
R. App. P. 44.1(a).  We also
conclude that appellee=s failure to file a notice of appeal precludes the
award of any relief based on his cross-appeal. 
See Tex. R. App. P.
25.1(c).  We therefore affirm the
judgment of the trial court. 

Background 








Appellants= live pleading alleged that appellee was negligent
in performing mammograms on Concepcion in December 1999 and in interpreting the
results of the mammograms.  The petition
further alleged that, as a result of appellee=s
negligence, a tumor in Concepcion=s left breast went undetected and undiagnosed for
almost six months.  According to the
petition, appellee detected the tumor after a second mammogram examination in
June 2000, but by that time, the tumor had grown into Aa well-developed 3 cm mass.@  The petition
further alleged that appellee diagnosed the tumor as a Anew@ mass, which, because of its fast growth, had a
definite probability of being malignant. 
The petition then made the following allegations, which are central to
this Court=s disposition of appellants= sole issue on appeal:

[H]ad the mammograms of December 21, 1999 been
correctly performed, read, interpreted and/or that a recommendation of further
monitoring had been made, the tumor would not have been so dangerously large
when diagnosed and [Concepcion] could have opted for a more conservative
treatment.  However, the second mammogram
was read and interpreted by Maldonado as a Anew@ and Arapidly growing@ mass.  This
representation was negligently and / or knowingly made.  Had the tumor been correctly diagnosed and
treated or more closely monitored medically after the first mammogram, and had
interpretation of the second mammogram been accurate and truthful, she would
have had other choices of treatment.

 

Plaintiff would show that even at the 3cm size of
the tumor in June of 2000, she was still given the option of a lumpectomy, i.e.
that she could have saved her breast. 
However, because of the advanced size and nature of the tumor, and the
interpretation by Maldonado that it was Anew@ and Arapidly growing@ she felt compelled not only to undergo a radical
mastectomy, but to undergo prophylactic removal of her other breast. 

 

The frightening impact of Maldonado=s readings deprived her of reasonable options and
caused Plaintiff to choose the most radical treatment possibleCa bilateral radical mastectomy and
reconstruction.  Had the mass been
diagnosed as potentially cancerous earlier, or described accurately and
truthfully, Concepcion Reyna could have confidently had a much less invasive
procedure.  

 

Concepcion Reyna=s
radical bilateral mastectomy and reconstruction has resulted in serious and
disabling aggravation of previously tolerable fibromyalgia, disfigurement,
constant pain, total inability to work, complete inability to function as a
homemaker and as a wife, and caused her to otherwise lose her health and the
usual enjoyment of life.  The delays in
diagnosis and treatment have increased her chances for recurrence of cancer. 

 

Plaintiff Benito Reyna would show that he is also
profoundly and personally damaged because his wife of over thirty years has
been unable to engage in conjugal relations as wife and companion to him, and
that she can no longer perform the usual tasks of maintaining their household. 

 








From the foregoing excerpts from the petition, it is
evident that appellants= damages were alleged to have been caused by
Concepcion=s radical choice of treatment, which was, in turn,
allegedly caused by the large size of the tumor and appellee=s diagnosis of the tumor as new and rapidly
growing.  The late detection and improper
diagnosis, in turn, were allegedly caused by appellee=s failure to properly perform and interpret the
mammograms performed in December 1999.  

At the close of appellants= case-in-chief, appellee attacked the evidence
supporting appellants= allegations, contending that appellants had failed
to present any evidence as to appellee=s standard of care or proximate cause.  The trial court agreed:

The Court:                            I=ve listened to all the evidence that=s been presented to the jury and to me.  Apparently, you and I do not see eye-to-eye
as to what causation B whether there=s causation or not. 

 

Counsel for Appellants:   Okay. 

 

The Court:                            I think it=s too remote. 
I think that you have speculation. 
You have people speculating that there might have been something
there.  And if it was, that she would not
have gotten both breasts removed.  Her
husband didn=t even know that. 

 

I=m going to grant the instructed verdict, the request
for instructed verdict. 

 

Bring in the jury. 
You can appeal whatever you want. 

 

I said instructed. 
I meant directed verdict.   

 

A take nothing judgment was then entered against
appellants, and this appeal ensued.

   

I.  Exclusion
of Evidence 

 








The sole issue presented by appellants is whether
the trial court committed reversible error by excluding expert testimony by Dr.
Longley that the tumor was actually present in December 1999.  As the courts of this state have explained
repeatedly, the trial court has broad discretion to determine the admissibility
of evidence.  Exxon Pipeline Co. v.
Zwahr, 88 S.W.3d 623, 629 (Tex. 2002); Aguillera v. John G. & Marie
Stella Kenedy Mem=l Found.,
162 S.W.3d 689, 693 (Tex. App.CCorpus Christi 2005, pet. denied).  An appellate court must uphold the trial
court=s evidentiary ruling if there is any legitimate
basis for the ruling.  Aguillera,
162 S.W.3d at 693; N. Am. Refractory Co. v. Easter, 988 S.W.2d 904, 914
(Tex. App.CCorpus Christi 1999, pet. denied).  To obtain reversal of a judgment based on
error in the admission or exclusion of evidence, an appellant must show that
the trial court=s ruling was in error and that the error probably
caused the rendition of an improper judgment.  Aguillera, 162 S.W.3d at 693; Easter,
988 S.W.2d at 914 (citing Tex. R. App.
P. 44.1(a)).  If, as in this case, the
issue concerns exclusion of evidence, the appellate court must review the
entire record to determine whether error occurred.  Aguillera, 162 S.W.3d at 693; Easter,
988 S.W.2d at 914.

We are unpersuaded that the trial court=s error, if any, in prohibiting Dr. Longley from
testifying that the tumor was present in December 1999 had any effect on the
take-nothing judgment rendered against appellants.  At the close of appellants= case-in-chief, counsel for appellee moved for a
directed verdict, arguing that appellants had failed to produce, inter alia,
evidence of causation.[2]  That is, appellee contended that there was no
evidence connecting appellee=s alleged negligence to the damages suffered by
appellants, which, according to their petition, stemmed from the radical
treatment undergone by Concepcion.  The
trial court agreed.   








We cannot find reversible error in the trial court=s evidentiary ruling without also holding that the
trial court=s directed verdict was improper.  That is, if the directed verdict was proper
despite the evidentiary error, we would have no basis for holding that the
evidentiary error probably led to the rendition of an improper judgment and was
thus reversible error.  See Tex. R. App. P. 44.1(a); McCraw v.
Maris, 828 S.W.2d 756, 758 (Tex. 1992). 
For the reasons that follow, we conclude that the trial court=s directed verdict would have been proper even if
the excluded testimony had been admitted. 
We therefore have no basis for concluding that the error, if any, in
excluding the testimony probably led to the rendition of an improper
judgment.  See Tex. R. App. P. 44.1(a).  Thus, even if the trial court erred, the
error was not reversible error. 

As demonstrated above, the trial court based its
directed verdict on two considerations: 
(1) there was insufficient evidence to prove that the tumor was actually
present in  December 1999; and (2) there
was insufficient evidence of causationCthat is, insufficient evidence that Concepcion
underwent the radical bilateral mastectomy and breast reconstruction because of
appellee=s negligence. 
Appellants have failed to adequately address this latter point on
appeal.  They seem to acknowledge that no
expert testimony was produced to establish the requisite causal nexus, but they
apparently contend that no expert testimony was required.  This contention is incorrect.  It has long been the law in Texas that
causation in medical-negligence cases must be proved by expert testimony.  See Lopez v. Carrillo, 940 S.W.2d 232,
234 (Tex. App.CSan Antonio 1997, writ denied) (citing Hart v.
Van Zandt, 399 S.W.2d 791, 792 (Tex. 1965)).  













There being no expert testimony in the record to
prove by a reasonable medical probability that appellee=s negligence, if any, caused Concepcion to undergo
the radical bilateral mastectomy and breast reconstruction, we cannot conclude
that the trial court erred by granting a directed verdict based on the lack of
evidence to prove causation.  The only
portion of Dr. Longley=s testimony that was excluded (i.e., that the tumor
was present in December 1999) would not have established the requisite causal
nexus between appellee=s negligence and Concepcion=s radical bilateral mastectomy and breast
reconstruction.  Nor did Dr. Longley
purport to be qualified to offer an opinion as to how appellee=s alleged negligence affected Concepcion=s treatment options.[3]  Thus, we cannot conclude that the exclusion
of Dr. Longley=s testimony, even if erroneous, probably led to the
rendition of an improper judgment. 
Accordingly, appellants= sole issue is overruled.  

II.  Appellee=s Cross-Appeal

In his cross-appeal, appellee contends that the
trial court erred in denying his motion for dismissal and sanctions.  There is no indication in the record that
appellee ever filed a notice of appeal. 
Under rule 25.1(c), AThe appellate court may not grant a party who did
not file a notice of appeal more favorable relief than did the trial court
except for just cause.@  Tex. R. App. P. 25.1(c).  The trial court denied appellee=s motion for dismissal and sanctions.  We are therefore precluded from awarding such
relief Aexcept for just cause.@  Id.  Appellee has not shown just cause.  Accordingly, we overrule appellee=s cross-issue. 

III. 
Conclusion

The judgment of the trial court is affirmed.  

 

 

 

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 20th day of October, 2005.











[1] Act of May 30,
1977, 65th Leg., R.S., ch. 817, ' 1.03(a)(4), 1977 Tex. Gen. Laws 2039, 2041 (former Tex. Rev. Civ. Stat. art. 4590i, ' 1.03(a)(4)), repealed by Act
of June 2, 2003, 78th Leg., R.S., ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847, 884.

 





[2] The elements of a medical
negligence claim are (1) a duty to conform to a certain standard of care, (2) a
failure to conform to the required standard, (3) actual injury, and (4) a
reasonably close causal connection between the conduct and the injury.  Mathis v. Bocell, 982 S.W.2d 52, 56
(Tex. AppCHouston [1st Dist.] 1998, no pet.).   





[3] During voir dire examination, the following exchange took place between
counsel for appellee and Dr. Longley regarding Dr. Longley=s deposition testimony, which
established that Dr. Longley would not testify as to whether appellee=s negligence affected Concepcion=s treatment options because he was
not qualified to give such testimony:

 

Counsel:          Okay,
but I said,

 

Question: ABut as far as whether this actually
caused her any problems, whether the treatment would have been different if it
had been discovered earlier, whether there were any complications as a result
of the delay, that=s something that=s actually really outside your area
of expertise, correct?@

 

Answer: AYes, sir.@ 

 

Counsel:          And
that is correct?

 

Witness:           Yes,
sir.

 

Counsel:          Okay.  And so as to whether or not, if this was a
delay, whether it caused her any problem as to causation, you can=t really testify as to that, right?

 

Witness:           It
may have caused a difference in B the delay may have caused a difference in her choices.

 

Counsel:          Well,
but isn=t that something that=s outside B you would leave that, in fact, I
think we already went over that B 

 

Witness:           Yes,
sir, still left up to the oncologist and the discussion of the patient with her
surgeon. 

 

Counsel:          Right,
because that=s outside your area of expertise?

 

Witness:           Yes,
sir.