NUMBER 13-05-187-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


LEE CLINE, INDIVIDUALLY, AND 

AS PERSONAL REPRESENTATIVE

OF THE ESTATE OF FAYE CLEPPER,

DECEASED, 
Appellant,


v.


LIVING CENTERS OF TEXAS, INC.,

D/B/A WHARTON MANOR, AND 

LIVING CENTERS OF AMERICA, INC., Appellees.

 
 


On appeal from the 329th District Court 

of Wharton County, Texas.


 


 MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Vela 


Memorandum Opinion by Justice Vela



 This is a medical malpractice and premises liability case. Appellant, Lee Cline,
individually and as personal representative of the estate of Faye Clepper, filed suit
against appellees, Living Centers of Texas d/b/a Wharton Manor and its parent
company, Living Centers of America, Inc. ("Wharton Manor") for alleged mistreatment
of his mother while she resided at appellees' nursing facility. A jury answered both the
negligence and premises liability questions in favor of appellees. Cline raises two issues
on appeal concerning exclusion of evidence and fundamental error. We affirm. 

 I. Background

 Appellant Cline, the son of Faye Clepper, filed suit against Wharton Manor for
alleged mistreatment of his mother while she resided at Wharton Manor nursing home.
At the time of her admission, Mrs. Clepper was 89 and suffered from congestive heart
failure and dementia. The parties disagreed on the stage and severity of her illness at
the time of admission. Mrs. Clepper was admitted to Wharton Manor on July 2, 2001,
and remained there until March 8, 2002, when she was hospitalized at Gulf Coast
Medical Center. Mrs. Clepper died 12 days later from hypoxia and cerebral vascular
accident. 

 Appellant introduced testimony at trial concerning the alleged negligent care
received by his mother while a resident at the facility. The jury heard conflicting
evidence on several issues, including whether Wharton Manor was liable for Mrs.
Clepper's severe decubitus ulcer that did not heal, whether Wharton Manor failed to
properly hydrate Mrs. Clepper, and whether Wharton Manor failed to keep her safe
because of an incident in which a male resident inappropriately touched Mrs. Clepper. 
 Appellant raises two issues in this appeal. First, he complains that the trial court
erred in excluding evidence of subsequent bad acts of Robert Darden, the nursing home
resident who inappropriately touched Mrs. Clepper. Second, he argues that the trial
court fundamentally erred in going forward with the trial on the merits when there was
an unresolved mandamus proceeding pending in the Texas Supreme Court concerning
discovery of documents.

II. Exclusion of Evidence

 At trial, testimony was presented that on September 20, 2001, Mr. Robert
Darden, another resident of Wharton Manor, was seen inappropriately touching Mrs.
Clepper. This event occurred while Darden was supposed to be on a seventy-two-hour
watch because he had committed a similar act on another female patient the day
before. The jury also heard that he had a history of being sexually inappropriate. 
Appellant complains that the trial court erred in refusing to admit evidence, including
the Texas Department of Human Services' records, deposition testimony, and nursing
home records, reflecting other incidents of inappropriate behavior by Darden on
occasions subsequent to the incident involving Mrs. Clepper. The trial court excluded
all evidence of Darden's subsequent bad acts. 

 A. Standard of Review for the Exclusion of Evidence

 An appellate court reviews a trial court's decision to admit or exclude evidence
to determine if the lower court abused its discretion. In re J.P.B., 180 S.W.3d 570,
575 (Tex. 2005). A trial court abuses its discretion if it acts arbitrarily or unreasonably. 
Downer v. Aquamarine Operators, Inc. 701 S.W.2d 238, 241 (Tex. 1985). To obtain
reversal of a judgment based on error in the admission or exclusion of evidence, an
appellant must show that the trial court's ruling was in error and that the error probably
caused the rendition of an improper judgment. McCraw v. Maris, 828 S.W.2d 756,
758 (Tex. 1992). A challenge to a trial court's evidentiary rulings will be successful
only if, after a review of the entire record, an appellate court determines that the error
was harmful because the judgment turns on the particular evidence excluded or
admitted. Interstate Northborough P'ship v. State of Texas, 66 S.W.3d 213, 220 (Tex.
2001). 

 B. Premises Claim

 During the pendency of this appeal, the Texas Supreme Court issued its opinion
in Diversicare General Partner, Inc. v. Rubio, 185 S.W.3d 842 (Tex. 2005), which 
eliminated premises liability claims against health care providers in cases similar to this
one. In Rubio, the plaintiffs sued a nursing home as the result of a sexual assault
which occurred on a nursing home resident by another resident. Id. at 845. The
plaintiff in Rubio argued that she should be allowed to recover under theories not
covered by the Medical Liability and Insurance Improvement Act. See Id. at 847. The
Rubio court noted that there was an important distinction in the relationship between
a premises owner and invitee and health care facilities and their patients. Id. at 850. 
 Because Rubio's complaint was the alleged failure of Diversicare to implement
adequate policies to care for, supervise, and protect its residents who require special
medical care, the supreme court determined that the case was a health care liability
claim and not one for premises liability or ordinary negligence. See Id. at 850-1. The
court concluded that Rubio's causes of action were for breaches of the standard of care
for a health care provider because the supervision of Rubio and the patient who
assaulted her, and the protection of Rubio, were inseparable from the health and
nursing services provided. Id. at 849.

 Here, under the facts presented, appellant was likewise limited to a medical
negligence claim based on the supreme court's holding in Rubio. We hold that Rubio
eliminated appellant's premises claim.

 C. Negligence Claim

 Appellant further argues that he sought the admission of subsequent acts
committed by Darden because they were essential to proving his case for negligence. 
In fact, the jury was charged in such a way that Darden's acts were not to be
considered in regard to the negligence claim, but were only to be considered as they
related to appellant's premises claim. (1) Appellant did not object to the submission of
the negligence issue instructing the jury not to consider Darden's conduct as it related
to the negligence of Wharton Manor. Therefore, any evidence concerning the actions
of Mr. Darden, whether the conduct occurred before the incident involving Mrs. Clepper
or after, is not a basis for reversal of the negligence claim as the jury was instructed
not to consider any testimony regarding Darden with respect to that issue. 

 There is a presumption that the jury will follow the court's instructions. Turner,
Collie & Braden, Inc. v. Brookhollow, 642 S.W.2d 160, 167 (Tex. 1982). Here, we
presume that the jury followed the instruction included in the negligence charge and did
not consider any of Darden's conduct in answering the negligence question. The
exclusion of evidence regarding Darden's subsequent conduct is not error or reversible
error because even if the jury had been allowed to hear such evidence, it was instructed
not to consider any evidence regarding Darden in answering the negligence question. 

 Even if the trial court erred, our review of the entire record revealed that the error
is not reversible because the judgment did not turn on the excluded evidence. Tex. R.
App. P. 44.1(a)(1). The incident involving Darden was one of several alleged negligent
acts that were heard by the jury. There was conflicting evidence on all issues which
the jury ultimately balanced in favor of Wharton Manor. 

 Appellant's first issue is overruled.

III. Fundamental Error

 Appellant urges in his second point that the trial court committed fundamental
error by proceeding to trial while an original proceeding based upon a discovery dispute
between the parties remained pending in the Texas Supreme Court. The supreme court
ruled on the mandamus after the case had been tried and while it was on appeal. In re
Living Centers of Texas, Inc., 175 S.W.3d 253 (Tex. 2005) (orig. proceeding). The
court granted Wharton Manor's relief, holding that the trial court abused its discretion
by using only superficial indicators to deny Wharton Manor's privilege claim. Id. at
262. In its opinion, the court also requested the trial court to determine whether any
documents withheld by Wharton Manor were privileged. Id. 

 At the time the case was set for trial on January 31, 2005, Wharton Manor filed
a motion for continuance, urging that the case should not go to trial because some of
the documents at issue were subject to the stay pending before the Texas Supreme
Court. At that time, appellant took the position that no error would occur unless the
documents, subject to the supreme court stay, were entered into evidence during the
trial on the merits. Appellant, in fact, opposed the continuance. Wharton Manor also
presented the Texas Supreme Court with a motion to determine whether the trial court
had usurped the supreme court's jurisdiction during trial. The motion was denied by
the supreme court. Even though appellant informed the trial court that he was not
waiving his position before the supreme court, he did not oppose proceeding to trial. 
Counsel for Wharton Manor asked the court to rule that all documents before the
supreme court were within the jurisdiction of that court. Wharton Manor's request was
overruled by the trial court.

 Fundamental error applies only in rare circumstances where the record shows on
its face that the court lacked jurisdiction or that the public interest is directly or
adversely affected as that interest is declared in the statutes and the constitution. 
Mack Trucks v. Tamez, 206 S.W.2d 572, 577 (Tex. 2006); In re B.L.D., 113 S.W.3d 
340, 350 (Tex. 2003). A party should not be allowed to waive, consent to, or fail to
complain about an error at trial and then complain about it on appeal. In re B.L.D., 113
S.W.3d at 350. Here, appellant could have complained about going forward on his trial
setting. He also could have agreed to the continuance. He did neither. Appellant did
not oppose going forward with the trial in the face of a pending mandamus proceeding. 
Likewise, the supreme court did not intervene when asked by Wharton Manor to
enforce the emergency stay. Appellant's complaint could have easily been remedied
had he agreed to a continuance. There is no fundamental error. Accordingly, the
second issue is overruled.

 The judgment of the trial court is affirmed.

 

 __________________________ ROSE VELA

 Justice



Memorandum Opinion delivered and 

filed this 15th day of March, 2007.
1. Question No. 1 read, as follows:


 Did the negligence, if any, of the party named below proximately cause the injury in
question? In answering this question do not consider the conduct of those below as it
relates to the conduct of Robert Darden as that is addressed in Question 4.