IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00396-CV

 

Commission for Lawyer Discipline,

                                                                                    Appellant

 v.

 

Todd Rowland Phillippi,

                                                                                    Appellee

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 80858

 



memorandum Opinion



 

Appellant has filed a “Motion to Dismiss
Appeal.”  See Tex. R. App. P. 42.1(a)(1). 
It states that Appellant no longer wishes to purse this appeal.  Dismissal of
this appeal would not prevent a party from seeking relief to which it would
otherwise be entitled.  The motion is granted, and the appeal is dismissed.

 

REX D. DAVIS

Justice

 

 

Before Chief
Justice Gray,

            Justice
Reyna, and 

Justice
Davis

Motion granted;
appeal dismissed

Opinion
delivered and filed December 15, 2010

[CV06]

 








 






ies were typical of those seen in shaken baby injuries and were, according to B.G.’s
doctor, unquestionably the result of child abuse.
      A few weeks after B.G. was injured, Gutierrez went back to jail on theft charges. Her
probation was revoked because she did not report to her probation officer. On June 29, 2000,
Herrera signed a confession admitting he caused B.G.’s injuries.
      TDPRS was appointed temporary managing conservator of B.G. and E.H. on June 12, 2000. 
A family service plan was implemented on June 20, 2000 with the stated goal of family
reunification. On October 13, 2000, J.M.H. was born to Gutierrez and Herrera and TDPRS was
appointed temporary sole managing conservator. Herrera pled guilty to serious bodily injury of
a child, on November 19, 2001.
      On November 28, 2001, TDPRS filed a Second Amended Petition to terminate the parent-child relationships between Gutierrez and each of her three children, Herrera and his two children,
and Martinez and his one child. By previous order the parent-child relationships of Martinez and
B.G. and that of Herrera and E.H. and J.M.H. were terminated.
      Because there must be legally and factually sufficient evidence of violation of at least one of
the listed grounds in § 161.001 (1), and a finding that termination is in the best interest of the
child, as per § 161.001 (2), we will begin our review with Gutierrez’s second issue, and then
discuss her first issue if we find sufficient evidence to support the jury’s verdict to any of the
grounds violated and that termination was in the best interest of the children. See Tex. Fam.
Code Ann. § 161.001 (1), (2) (Vernon 2002).
LEGAL AND FACTUAL SUFFICIENCY
      In her second issue, Gutierrez challenges the legal and factual sufficiency of the evidence
supporting grounds (D), (E), and (O), and that termination of the parent-child relationships
between Gutierrez and B.G., E.H., and J.M.H. was in the best interest of each child. See Tex.
Fam. Code Ann. § 161.001 (1)(D), (E), (O), (2).
LAW
      In proceedings to terminate the parent-child relationship brought under Section 161.001 of the
Family Code, the petitioner must establish two elements. First, petitioner must prove one or more
acts or omissions enumerated under the first subsection of the statute. Second, petitioner must
prove that termination of the parent-child relationship is in the best interest of the child. Tex.
Fam. Code Ann. § 161.001 (1), (2); Richardson v. Green, 677 S.W.2d 497, 499 (Tex. 1984). 
The fact finder must find both elements are established by clear and convincing evidence, and
proof of one element does not relieve the petitioner of the burden of proving the other. Holley v.
Adams, 544 S.W.2d 367, 370 (Tex. 1976); Wiley v. Spratlan, 543 S.W.2d 349, 351 (Tex. 1976).
      To satisfy the first prong of the two-part test to terminate the parent-child relationship, only
one of the grounds listed in section 161.001(1) of the Family Code has to be found by clear and
convincing evidence. Tex. Fam. Code Ann. § 161.001 (1) (Vernon 2002); In the Interest of
J.M.T., 39 S.W.3d 234, 237 (Tex. App.—Waco 1999, no pet.). The standards of review for legal
and factual sufficiency, the burden of proof necessary to terminate a parent-child relationship, and
the method for analysis of the evidence are detailed in prior opinions of this court. Id. at 238.;
In the Interest of A.M.C., 2 S.W.3d 707, 711 (Tex. App.—Waco 1999, no pet.); see In the
Interest of C.H., No. 00-0552, 2002 Tex. LEXIS 113, *23 (Tex. 2002) (publication status
pending) (holding “that the appellate standard for reviewing termination findings is whether the
evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth
of the State’s allegations”); see also Holley, 544 S.W.2d 367.
ANALYSIS
      Based on our review of the record in light of the appropriate standards of review and burden
of proof, we find there is legally and factually sufficient evidence to support the jury’s findings
regarding ground (E) as it relates to each child, and that termination of the parent-child
relationships between Gutierrez and B.G., E.H., and J.M.H. was in the best interest of each child. 
Thus, we overrule Gutierrez’s second issue as to ground (E) and the best interest findings. Having
found the evidence supporting the jury’s verdict terminating the parent-child relationships between
Gutierrez and her three children was legally and factually sufficient as to ground (E) and that
termination was in the best interest of the children, we need not discuss her arguments regarding
ground (D) or (O).
ADMISSION OF EVIDENCE
      TDPRS pursued three grounds for termination under § 161.001(1). See Tex. Fam. Code
Ann. § 161.001 (1) (Vernon 2002). Ground (O) provides for termination of the parent-child
relationship if a parent failed to comply with the provisions of a court order that specifically
established the actions necessary for the parent to obtain the return of the child. See Tex. Fam.
Code Ann. § 161.001 (1)(O). TDPRS proffered the prior court orders and the family service plan
as part of the evidence needed to prove the allegation that Gutierrez violated ground (O).
      Under her first issue — that it was error to admit the prior court orders and family service
plan — Gutierrez argues four sub-issues. Her first sub-issue argument concerns Rule of Evidence
605. Tex. R. Evid. 605 (Vernon 2002). Gutierrez asserts that admission of the court orders
amounted to the judge testifying as a witness in the trial over which the judge presided, which is
prohibited by Rule 605. Id. In her second sub-issue Gutierrez argues the trial court improperly
commented on the weight of the evidence because the judge had signed the orders. In her third
sub-issue she asserts the orders and family service plan were inadmissible because they were
hearsay or contained hearsay. And in her fourth sub-issue Gutierrez argues admission of the
orders and the family service plan violated her right to a jury trial.
      Gutierrez further contends that because the judge had signed the orders, admission of the
orders and family service plan “tainted” and “supplanted” the jury’s consideration of conflicting
evidence as to each question submitted to the jury, and admission of that evidence probably caused
the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1).
LAW
      Rule 44.1 provides for the reversal of a judgment on appeal if we conclude the complained
of error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1). The
party claiming an improper judgment was reached based on erroneously admitted evidence does
not have to prove that “but for” the admission of the evidence, a different judgment would have
resulted. See McCraw v. Maris, 828 S.W.2d 756, 758 (Tex. 1992). The complaining party is
only required to show that the admission probably resulted in the rendition of an improper
judgment. Id.
      The Supreme Court reiterated the test is not “but for” and described a successful challenge
as one requiring the appellant to show the case “turns on” the evidence that was erroneously
admitted. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54 (Tex. 1995). Thus,
Gutierrez must demonstrate that DPRS’s case “turns on” the introduction of the court orders and
family service plan that were allegedly admitted in error, such that the admission “probably”
caused the rendition of an improper judgment. Id.; McCraw, 828 S.W.2d at 758; Tex. R. App.
P. 44.1(a)(1).
ANALYSIS
      This Court has previously ruled in an unpublished opinion that evidence of an order is
admissible as proof of violation of ground (O). Even though the exhibits admitted go beyond the
bare “orders” allegedly violated, we have already concluded that the evidence was legally and
factually sufficient to support termination on ground (E). Tex. Fam. Code Ann. § 161.001 (1)(E)
(Vernon 2002). Therefore, assuming without deciding the trial court erred in admitting the non-redacted orders and the family service plan in evidence, we cannot say that termination of
Gutierrez’s parent-child relationships “turned on” the erroneous admission, or probably caused
the rendition of an improper judgment. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54
(Tex. 1995); Tex. R. App. P. 44.1. We overrule Gutierrez’s first issue.
CONCLUSIONHaving overruled both of Gutierrez’s issues, we affirm the judgment.

                                                                         TOM GRAY
                                                                         Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Vance concurring)
Affirmed
Opinion delivered and filed October 30, 2002
Do not publish
[CV06]