Opinion issued June 30, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00252-CV

————————————

## ALZO PREYEAR, SR., Appellant

## V.

## ADVANCED PLATINUM SOLUTIONS, INC., Appellee

On Appeal from the 281st District Court
Harris County, Texas
Trial Court Case No. 2008-48663

## MEMORANDUM OPINION

Appellant, Alzo Preyear, Sr., appeals from the trial court's judgment rendered on the jury verdict in favor of appellee, Advanced Platinum Solutions, Inc. ("APS"), on Preyear's quantum meruit claim. In two issues, Preyear contends that the trial

court erred because (1) the jury's verdict is against the great weight and preponderance of the evidence, and (2) it improperly excluded Plaintiff's Exhibit No. 31. We affirm.

## Background[1]

On August 15, 2008, Preyear filed suit against Kandasamy and APS, alleging claims for breach of contract and violations of the Texas Business Corporation Act.[2] Preyear later amended his petition to add claims for breach of fiduciary duty and the duty to disclose, self-dealing, conspiracy, unjust enrichment, quantum meruit, theft, and conversion.

On May 27, 2010, APS moved for summary judgment on Preyear's claims. On July 9, 2010, the trial court granted summary judgment in favor of APS on all of Preyear's claims except his quantum meruit claim. Following a rehearing, the trial

---

[1]    Citing to Texas Rule of Appellate Procedure 38.1(g), Preyear argues in his reply brief that we should accept the factual assertions in his brief as true because Kandasamy did not file a brief in this case. His argument is without merit. First, Preyear's notice of appeal states that he is appealing the trial court's January 2, 2015 final judgment granting APS's motion for entry of judgment. Kandasamy is therefore not a party to this appeal. Second, Rule 38.1(g) states that "the court will accept as true the facts stated [in appellant's brief] unless another party contradicts them." TEX. R. APP. P. 38.1(g). Here, APS filed a brief which included a statement of facts contradicting Preyear's statement of facts.

[2]    The factual background of this case is detailed in our prior opinion. *See Preyear v. Kandasamy*, No. 01-11-01093-CV, 2013 WL 4508001 (Tex. App.—Houston [1st Dist.] Aug. 22, 2013, no pet.) (mem. op.).

court granted summary judgment on all of Preyear's claims. Preyear subsequently appealed the granting of summary judgment on his quantum meruit claim.

In a memorandum opinion, this Court reversed the trial court's order granting summary judgment in favor of APS on Preyear's quantum meruit claim and remanded the case to the trial court. *See Preyear v. Kandasamy*, No. 01-11-01093-CV, 2013 WL 4508001, at *6 (Tex. App.—Houston [1st Dist.] Aug. 22, 2013, no pet.) (mem. op.). The case proceeded to trial on December 2, 2014. In response to Question Number 1 in the jury charge asking whether Preyear performed compensable work for APS, the jury responded "no." On January 2, 2015, the trial court granted APS's motion for entry of judgment. Preyear filed a motion for new trial which was later overruled by operation of law. This appeal followed.

## Jury Finding

In his first issue, Preyear contends that the trial court erred in rendering judgment against him because the jury's finding that Preyear did not perform any compensable work for APS is against the great weight and preponderance of the evidence.

To preserve a factual sufficiency challenge to a jury finding or a complaint that a jury finding is against the great weight and preponderance of the evidence, a party must raise the point in a motion for new trial. TEX. R. CIV. PROC. 324(b)(2), (3); *Cecil v. Smith*, 804 S.W.2d 509, 510 (Tex. 1991). Although Preyear filed a

3

motion for new trial, he did not argue in the motion that the jury's finding that he did not perform any compensable work for APS is against the great weight and preponderance of the evidence.[3] Therefore, Preyear failed to preserve his challenge to the jury's finding. *See* TEX. R. CIV. P. 324(b); *Cecil*, 804 S.W.2d at 510. We overrule his first issue.

### Plaintiff's Exhibit No. 31

In his second issue, Preyear contends that the trial court erred when it excluded Plaintiff's Exhibit No. 31. He asserts that the evidence demonstrated the services he provided to APS, including equipment and purchases expended on behalf of and for the benefit of APS, and that it was controlling on a material issue dispositive to the case.

The admission or exclusion of evidence "is committed to the trial court's sound discretion." *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *U–Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 132 (Tex. 2012). For the exclusion of evidence to constitute reversible error, the complaining party must demonstrate (1) that the trial court committed error, and (2) that the error was

---

[3] In his motion for new trial, Preyear argued that the trial court erred in considering APS's motion to exclude filed on the eve of trial, and in excluding APS's bank records, the testimony of his expert witness, Debbie Flanary, and a guaranty agreement purportedly executed by him.

4

reasonably calculated to, and probably did, cause rendition of an improper judgment. *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex. 1992); *Hahn v. Love*, 394 S.W.3d 14, 34 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). "[A] successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted." *Able*, 35 S.W.3d at 617.

At trial, Preyear sought to introduce Plaintiff's Exhibit No. 31, consisting of bank records approximately three-quarters of an inch thick from APS's account at Central Bank. Appellee objected to admission of the exhibit on relevance grounds. Preyear's counsel argued that the bank records were relevant to show "part of the services and the equipment and the purchases that were expended on behalf of and for the benefit of APS," and that she only intended to focus on two of the pages and, in particular, on two wire transfers made by Preyear to APS. After Preyear's counsel identified one of the wire transfers, appellee's counsel stated that the document itself was only proof of a wire transfer made by Preyear's wife to APS.[4] When the trial court asked whether there was any other purpose for offering the exhibit other than to show the wire transfer, the following exchange took place:

> [Ms. Gray]: In terms of relevance, it is relevant in that it will show the time, what [Preyear] was doing during the time in order to make certain decisions for the benefit of APS. He was contributing his time. He was contributing to resolving the needs for the various services that the

---

[4]     The bank record reflects that Charlzine Preyear made a wire transfer in the amount of $260,000 to APS's account on November 14, 2007.

5

company needed during that period. There was already testimony that points to there was a lot of things happening and there was a need for someone to act as chairman.

[The Court]: And—I'm sorry. And how—again, the objection is relevance. So how does showing these wire transfers show the amount of time he spent?

[Ms. Gray]: Number one, he will be able to speak to that, how much time it took for him in order to do what was necessary to complete what his task was at that time.

[The Court]: Okay.

[Ms. Gray]: So he can testify about what was happening in both transfers.

The trial court sustained appellee's objection on relevance grounds because the wire transfers from an account in a name other than Preyear's to APS's bank account did not show services and equipment provided by Preyear, purchases Preyear allegedly made for APS's benefit, or the amount of time he spent as APS's chairman. Moreover, we note that even if the trial court had erred in excluding the evidence, Preyear has not shown that its exclusion probably caused the rendition of an improper judgment. *See McCraw*, 828 S.W.2d at 757; *Hahn*, 394 S.W.3d at 34. Because the trial court did not err in excluding Plaintiff's Exhibit No. 31, and in any case no harm has been shown, we overrule Preyear's second issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.