# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00783-CV

---

### In re Commitment of Terry Lee Lott

---

### FROM THE 33RD DISTRICT COURT OF BURNET COUNTY
### NO. 53027, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Terry Lee Lott appeals from a final judgment following a jury trial on the State's petition to classify him as a sexually violent predator subject to involuntary civil commitment under Chapter 841 of the Health and Safety Code. *See generally* Tex. Health & Safety Code §§ 841.001–.153. We affirm.

### BACKGROUND

In 1989, Lott was convicted of aggravated sexual assault of a child and sentenced to ninety-nine years' imprisonment. In mid-2021, Lott entered a treatment program for sex offenders offered by the Texas Department of Criminal Justice in connection with his application for parole. As his potential release date approached, the State petitioned to civilly commit Lott as a sexually violent predator. *See id.* §§ 841.003(a) (defining "sexually violent predator" as person who "is a repeat sexually violent offender" and "suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence"); .081(a) ("If . . . the

judge or jury determines that the person is a sexually violent predator, the judge shall commit the person for treatment and supervision.").

The parties tried the case to a jury. The State called Lott as its first witness. Lott described the treatment program, including the requirement that he complete written assignments. During cross-examination, Lott's counsel presented him with ten of those assignments and asked him briefly about each. His counsel moved to admit the worksheets, and the State objected on hearsay grounds. In response, Lott's counsel argued that the worksheets were "directly related" to Lott's sex offender treatment, which "is going to be an issue that Dr. Dunham is going to talk about when he testifies tomorrow." After examining the documents, the district court sustained the State's objection. Dr. Jason Dunham, a clinical psychologist who evaluated Lott, testified for the State the following day.

The jury unanimously found that Lott is a sexually violent predator, and the district court rendered judgment on the verdict and entered an order of commitment. This appeal ensued.

## DISCUSSION

Lott argues in one issue that the district court erred by sustaining the State's hearsay objection to the ten worksheets.

**Legal Standards**

We review a trial court's evidentiary rulings for an abuse of discretion. *JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 836 (Tex. 2018). A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard for guiding rules or principles,

2

or without supporting evidence. *Transcor Astra Group S.A. v. Petrobras Am. Inc.*, 650 S.W.3d 462, 482 (Tex. 2022), *cert. denied*, 143 S.Ct. 2493 (U.S. 2023).

Hearsay is an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Tex. R. Evid. 801(d). Hearsay is inadmissible except as provided by the rules of evidence or by statute. *Id.* R. 802. "Out-of-court statements are not hearsay if offered for a purpose other than to prove the truth of the matter asserted." *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex. 1992). When a party timely voices a hearsay objection, the proponent of the evidence bears the burden of showing that the testimony is not hearsay or that it fits within an exception to the prohibition on admitting hearsay evidence. *See Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 908 n.5 (Tex. 2004); *In re J.N.P.*, No. 09-20-00245-CV, 2021 WL 922338, at *7 (Tex. App.—Beaumont Mar. 11, 2021, no pet.) (mem. op.).

**Analysis**

Lott argues that the district court abused its discretion because he did not offer the worksheets for the truth of the matter asserted but to rebut two assertions that Dr. Dunham made in his testimony: that Lott never provided more than a "little bit of detail" regarding his offenses to his treatment providers and that Lott had not progressed during his time in the program. The State responds that Lott did not preserve this argument for appeal. Even if properly preserved, the State argues that there was no abuse of discretion because the jury could not consider them for that purpose without considering the truth of the matters asserted in them.

We agree with the State that Lott failed to preserve error. To preserve a complaint for appellate review, "a party must present to the trial court a timely request, motion,

or objection, state the specific grounds therefor, and obtain a ruling." *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 562 (Tex. 2021) (citing Tex. R. App. P. 33.1). The argument "made in the trial court must comport with the argument made on appeal." *Elness Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP*, 520 S.W.3d 145, 159 (Tex. App.—Austin 2017, pet. denied) (en banc). Lott's counsel responded to the State's objection by arguing that the worksheets are "directly related" to Lott's sex offender treatment, which "is going to be an issue that Dr. Dunham is going to talk about when he testifies tomorrow." Lott did not inform the district court that he intended to use the worksheets to rebut that testimony, a purpose that the trial court, even had he made that objection, would not have been able to assess prior to Dr. Dunham testifying. *See id.* ("[I]t is well established that a party must preserve error by invoking a procedure in the trial court that apprises the trial court of the party's argument in a way that allows the trial court to decide the issue."). We agree with the State that Lott failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1(a).

We overrule Lott's sole issue.

## CONCLUSION

We affirm the district court's judgment.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Affirmed

Filed:   June 27, 2024

4