
FILED
October 22, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk


RECEIVED
OCT 1 9 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Docket Number: 03-15-00471-CV

(Trial Court Number: 14-0679-C)

IN THE

COURT OF APPEALS

FOR THE 3RD JUDICIAL DISTRICT OF TEXAS

ROSE MARIE GEISTER,
APPELLANT
PRO SE LITIGANT

VS.

DISCOVER BANK/ZWICKER AND ASSOCIATES,
APPELLEES

BRIEF OF APPELLANT

ORAL ARGUMENT REQUESTED

(1)

# TABLE OF CONTENTS

**Pages:**

COVER...................................................................................................... 1

TABLE OF CONTENTS................................................................................. 2

IDENTITIES OF ALL PARTIES...................................................................... 3

LIST OF AUTHORITIES............................................................................ 4, 5

ISSUES PRESENTED FOR REVEIW..................................................... 5, 6, 7, 8

STATEMENTS OF THE CASE.................................................................... 8, 9

STATEMENT REGARDING ORAL ARGUMENTS....................................... 9, 10

STATEMENT OF FACTS.............................................................10, 11, 12, 13, 14

SUMMARY OF THE ARGUMENT...........................................................14, 15

ARGUMENT AND AUTHORITIES....................................................16, 17, 18, 19

PRAYER................................................................................................20

APPENDIX.............................................................................................21

CERTIFICATE OF COMPLIANCE................................................................22

CERTIFICATE OF SERVICE.......................................................................23

CERTIFICATE OF SERVICE II....................................................................24

## IDENTITIES OF ALL PARTIES

Appellant certifies that the following is a complete list of all parties interested in the outcome of this appeal, and their attorneys of record.

1. Appellant (Pro Se), ROSE MARIE GEISTER, 156 Granite Shoals Drive Kyle, Texas 78640. (512) 644-7221

2. The Honorable DAVID SCOTT GLICKLER, Trial Judge, Hays County Government Center, 712 S. Stagecoach Trail, SUITE 2292 San Marcos, Texas 78666. (512) 393-7625

3. Appellee, DISCOVER BANK

4. Lead attorney for Appellee, TROY DEAN BOLEN, SBN: 24006199, he is with Zwicker and Associates, Old Town Square, 1 Chisholm Trail, Suite 301, Round Rock, Texas 78681. (512) 218-0477

5. Trial Court attorney for Appellee, PAUL VAN SWEARINGEN, also with Zwicker and Associates, Old Town Square, 1 Chisholm Trail Suite 301, Round Rock, Texas 78681. (512) 218-0477

(3)

# LIST OF AUTHORITIES

**CASES:**

1. Lizette DiResta v. Discover Bank, Supreme Court, State of N.Y., County of N.Y. (Class Action Suit), Case No. 155611-2015....................11
2. Discover Bank (APPELLANT) v. Maurie L. and Linda Lemley, Court of Appeals in Washington, Division 3, Case No. 31080-9-III, Decided March 18, 2014.........................................................................11
3. Diana M. Elinich v. Discover Bank, DB Servicing Corp., and Weltman, Weinberg& Reis, LPA, (Class Action Suit, Civil Action), Pennsylvania Eastern District Court, Philadelphia, Pa., Case No. 2:12-cv-01227, Dist. Judge Mitchell Goldberg. Presiding......11
4. Valence Operating Co. v Dorsett, 164 S.W. 3d 656, 651 Tex. 2005)... 16
5. Ins. Co. of N. Am. v. Sec. Ins. Co., 790 S.W. 2d 407, 410, (Tex. App. – Houston (1st Dist.) 1990, no writ.........................................17
6. Okorafor v. Uncle Sam & Associates Inc. 295 S.W., 3d, 27, 38, Tex. App. – Houston (1st Dist., 2009)...................................................... 18
7. McGraw v. Maris, 828 S.W. 2d 756, 758, (Tex. 1992). ...........................19
8. Mathews v. Eldridge, 424 U.S. 319, 333, 96, S. Ct., 893, 902, 47, L.Ed, 2d 18 (1976). (quoting Armstrong v. Manzo, 380, U.S. 545, 552, 85 S. Ct, 1187, 1191, 14 L. Ed. 2d 62 (1965)). ...................................19
9. Cetaq Realty Inc. v. Sieglar, 899 S.W. 2d 195, 197 (Tex. 1995).............17
10. Garrett Operators Inc. v. City of Houston No. 01-13-0076 CV, 2015...15
15. Maher v. Hiberia Ins. Co. 67 N.Y. 292.........................................17
16. Studer v. Bleistein 115 N.Y. 31G, 22 X.E. 243 L.R.A. 702.......................8

**RULES:**

1. Tex. R. App. P. 44.1 (a), (1) and (2)................................................ 5, 18
2. Tex. R. App. P. 39.7................................................................... 9
4. Tex. R. Civ. P. 166a, (c), (h)........................................................16
5. Texas Rule of Evidence Rule (Hearsay) 902. (10)...............................11, 17, 18

**(4)**

**CODES:**

1. Tex. Government Code Ann. S51.901.........................................................6, 9, 12
2. Tex. Code of Judicial Conduct, Canon 1: Canon 2: (a),
   Canon 3: (5), (6), (8), and (9)...........................................................................15

**OTHER AUTHORITIES:**

1. Abuse of Discretion................................................................. 5, 9, 16, 18
2. Due Process of Law, and the 14th Amendment.........................5, 6, 15, 18, 19
3. Rico Violations....................................................................................5, 11
4. Deceptive Trade.................................................................................. 5, 11
5. The Fair Debt Collection Practices Act..................................................5, 11
6. The State Consumer Protection Law......................................................5, 11
7. Statute of Fraud..................................................................................8, 16
8. Breach of Contract.................................................................................7

## ISSUES PRESENTED FOR REVUE

1. The trial court Judge erred, after abusing his discretion by allowing the fraudulent Business Records Affidavit, and the unsigned generic Agreement into Evidence, despite being in violation of the Rico Violations, violations of The Fair Debt Collection Practices Act, Deceptive Trade, and the State Consumer Protection Law, as well as, Tex. R. App. P. 44.1 (a), (1) and (2).

2. The Trial Court Judge erred by not exercising Due Process of Law, the Court issued an improper judgment, and prevented the defendant from properly presenting her case.

Due Process is the legal requirement, that the state must respect all legal rights that are owed to a person. Due process balances the power of law of the land, and protects the individual from it. When a government harms a person by not following the exact course of the law, this constitutes a Due Process violation, which offends the rule of law. The 14th Amendment addresses many aspects of citizenship, and the rights of citizens. The most commonly used, and frequently litigated phrase in the Amendment is: "Equal protection of the laws", which figures prominently in a wide variety of landmark cases, including Brown v. Board of Education, Roe v. Wade, Bush v. Gore, Reed v. Reed and, University of California v. Bakke.

3. The court reporter, Lori Schmid's transcript was obviously changed, or intentionally entered wrongly, to favor the Judge, and put me, the defendant, at a disadvantage. That would be a criminal act, and I have filed a complaint to her superiors, who are investigating it at this time. ( Tex. Gov't Code Ann. S51.901)

(6)

4. I have never received a response, from Discover/Zwicker & Associates, for any of the Motions, or Requests, that I have properly filed into the clerk's office. SUCH AS: .................................................

I have twice informed them, that I dispute the debt that they are trying to collect from me, and I filed twice that they provide proof of validation for the debt's legitimatecy.

I have requested a Federal Fair Debt Collection Practices Act debt verification, I have put through a Sworn Denial of account, as I do not think the amount is correct.

I have asked for a copy of the SIGNED CONTRACT, I was supposed to have breached, and I came to find, that all the Breach of Contract wording is the same as all others. They just put in a different name and amount. In trial court, I was not allowed to argue, or bring up issues, so my issues went totally ignored.

I asked for more information concerning their firm, and proof of their authority to collect this debt. They first forwarded to me, a bunch of papers that meant nothing.

The Fraudulent Business Records Affidavit, that, Mr. Swearingen did

not even attach a name to, this so-called person, he just called her "she", as he read from a notebook, and the Judge did not even question this. On the paperwork Zwicker sent to me, the same that was shown to the Judge, the name on the affidavit was Franklin T. Akers, a male. The Judge did not question anything that the Plaintiff said, or did.

5. The trial court erred in granting a Final Summary Judgment, regarding Plaintiff's illegal entry into the court, the bias to plaintiff, and the fact, that he did not allow defendant to present her case.

6. The trial court erred in allowing fraud. Fraud consists of some deceitful practice or willful device, resorted to with intent, to deprive another of his, or her right, or in some manner to do him injury. The gravamen of fraud is deceit, and you cannot have fraud without deceit. (Studer v. Bleistein, 115 N.Y. 31G, 22 X. E. 243, L.R.A. 702).

## STATEMENTS OF THE CASE

This is an appeal from the County Civil Court at Law Number Two (2), in Hays County, Texas, before Judge David Scott Glickler, regarding a Summary Judgment, after a non-jury trial, in favor of Appellees.

1. Appellant's central issue in this appeal is,                    (8)

Judge David Glickler's Abuse of Discretion, as he showed bias in favor of the Plaintiff, and he denied me, the Defendant, the chance to tell my side of the matter, an inconsiderate action, and one that is against the law. He did not exercise cautious judgment. The Judge's actions were out of bounds, and I truly did not receive a fair, and just trial.

2. The court reporters transcript, concerning what was actually said between Judge Glickler, and Rose Geister, the defendant, was grossly altered.

The court reporters name is Lori Schmid, and I have filed a complaint with the Judicial Branch Certification Commission, and it is under an investigation at this time. I have given a copy of that complaint to Mr. Courtland Crocker, to file with the 3Rd court of appeals on September 23, 2015.... (Texas Government Code Ann. S51.901)

## STATEMENTS REGARDING ORAL ARGUMENTS

1. Pursuant to Rule 39.7 of the Texas Rules of Civil Procedure, Appellant Rose M. Geister requests that this court hear oral argument of this appeal. Oral argument is imperative, so Appellant may accurately, and

(9)

clearly, convey to the court, the efforts Appellant tried to make, to raise objections in the trial court, of the prevalent issues with Appellee's standing.

2.  Further, Appellant must in person, articulate the importance of the factual, and procedural issues, which exist regarding the standing argument.

## STATEMENT OF THE FACTS

1.  The people who execute summary judgment affidavits for Discover Bank in debt collection suits, are employees of the servicers. Some identify themselves as employee of one servicer, on some affidavits, and as employees of the other entity, on others. They are full time affidavit signers, but their job titles are typically given as "Legal Placement Account Managers" or "Litigation Support Specialist". These people do not have personal knowledge of anyone's accounts, most certainly, not mine. They churn these affidavits out, at the rate of 200 to 400 a day. A legitimate "Business Records Affidavit" is required in order to enter the court. Discover/Zwicker & Associates did not have one.

I opened my Discover Bank credit card in 2005. The Agreement that Plaintiff attached, was dated 01/11/2011, printed at 9:41 A.M, and

(10)

I am being told by Discover Bank, and Zwicker and Associates, that

this is my Credit Card Agreement. That would be impossible,

and has come under a considerable amount of scrutiny lately, across

the nation, in a variety of lawsuits, and complaints.

(1. DiResta v. Discover Bank, 2. Elinich v. Discover Bank, and
3. Discover Bank (Appellant) v. Lemley.
Violations: RICO, Deceptive Trade, the Fair Debt Collections
Practices Act, and the State Consumer Protection Law,
plus, too many more to list here).

The fact that Plaintiff has entered into evidence, with the court, these

fraudulent documents: "Business Records Affidavit, and the

Agreement", as Plaintiff describes them, is deceptive,

unjust, and also constitutes The Hearsay Rule of Evidence to apply.

The hearsay rule is a rule of evidence which prohibits admitting

testimony or documents into evidence, when the statements

contained therein are offered to prove their truth, and the maker

of the statements is not able to testify about it in court.

Hearsay is "second-hand" information. Because the person who

supposedly knew the facts is not in court to give testimony,

the Trier of fact cannot judge the demeanor, and credibility, of the alleged first hand witness, and the other party, or their lawyer cannot cross-examine the "real" witness who originally saw, or heard something.

Also, in order to enter the court legally, Plaintiff had to possess a SIGNED Agreement, signed by the Defendant, Rose M. Geister. If a lawyer, for the collection company, files a suit without having that contract in hand, he is in violation of the law. He either has to have a SIGNED contract, or, he has to have someone coming into court, who has personnel knowledge of that SIGNED contract, and he had neither. Lacey, of Discovers Litigation Dept. told me over the phone that there was no signed contract, on Aug. 17, 2015. The Plaintiffs, Discover Bank, and a Zwicker and Associates Attorney, Paul Van Swearingen, had illegally entered the Court of Law No. 2, on July 13, 2015.

3. I was genuinely appalled to find that the court reporters transcript was very altered, or entered incorrectly in the first place. Why she would do such a thing, is beyond me. It is under investigation

(12)

at this time, with the Judicial Branch Certification Commission. I am anxiously awaiting an answer from them. (Tx. Gov't Code Ann. S51.901).

4. Motions, and Requests, were never responded to, by Discover Bank, or, Zwicker and Associates. Todd Dean Bolen is the Lead Attorney for Zwicker, and, this case.

5. The debt, which is at issue in this Appeal, has been settled with Freedom Debt Relief, of whom I am a Client, on July 31, 2015. It was settled for $5435.00.

It is the sixth account that they have settled for me, in the last nineteen months. The Discover account will be paid in full by June 30, 2016. The Zwicker firm, was well aware of how I was dealing with my debts, since last year. They knew that they would be up for settlement by August 1, 2015. And just before that, they sued for Summary Judgment, so that they could keep me under their thumbs, and ask for more money than owed.

They already added another $367.90, to the Freedom account.

So, instead of 7241.19, they have settled for $7609.09, of which, they will be paid 71.43%, which comes to $5435.00. However, they

have, on August 4, asked me to sign, AFTER APPEALING, an Agreed Judgment document, which I did not do, as they were asking me for $6535.19, (which is 7241.19, minus the $706.00, that they were paid on July 31, 2015, from Freedom Debt Relief), and all costs of the proceedings, even though they entered the court illegally, in the first place. As of 10/29/2015, they have received $1300.00, so far. They will receive $516.00 for 7 months, and a final payment of $517.00, by June 30, 2016. I will sign only the Rule 11 Agreement they sent to me, and will present it in open court, as long as Zwickers lead attorney, Todd Bolen, also signs a copy, but I will not sign the Agreed Judgment.

## SUMMARY OF THE ARGUMENT

1. The trial court erred in granting a Final Summary Judgment, regarding Plaintiff's improper entry into the court, without the proper paperwork in hand. I asked in court, if the Agreement that Plaintiff was showing the Judge, was signed by me, and I was snapped at, by the Judge, to, "Ma'am, hold on. You'll get your chance to rebut". Which, by the way, I never did.

(14)

He was very biased towards the Plaintiff, and very short, and pushy towards myself, the Defendant. This was Abuse of Discretion. (Canon 3: (5), (6), (8), and (9)).

2.    I was not treated justly, and fairly, as I was not given Due Process of law. The Judge, and the Plaintiff, did not give me a chance to state my case, without intimidation, or interruption. The Judge finally just said to me, "I am not listening to another word you say, as I have already made up my mind". He then just signed the Judgment, and asked us to follow the Bailiff. Thus, he abruptly ended that trial, quite prematurely. (Tex. Code of Judicial Conduct, Canon 1: and Canon 2: (a). The U.S Constitution provides that "No person shall: be deprived of life, liberty, or property, without Due Process of Law", and is applied to all States, by the 14th Amendment

3.    I am very concerned about the court reporters reasoning behind her actions, to turn in a fraudulent report. For these reasons, and all the fraudulent reasons brought up in this brief, this case should be vacated, or, dismissed for cause, with prejudice, as though it never happened.                    (15)

## ARGUMENT AND AUTHORITIES

## 1. Standard of Review

Summary Judgments are reviewed de novo. Valence Operating Co. v. Dorsett, 164 S.W. 3d 656, 651 (Tex. 2005). A movant is entitled to traditional summary judgment if; (1) there are no genuine issues as to any material fact, and, (2) the moving party is entitled to judgment as a matter of law. (Tex. R. Civ. P. 166 a (c); Garrett Operators, Inc. v. City of Houston, No. 01-13-00767-CV, 2015 WL 293305, at *3 (Tex. App. – Houston [1st Dist.] 2015).

Fraud, as applied to contracts, is the cause of an error, bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantage to the party, or to cause an inconvenience or loss to the other.

There were questions and issues to material fact, such as: fraud, failing to answer defendant's motions as requested by her, not specifying the particular ground on which the Judgment is based.

I, the Appellant, am without knowledge sufficient to form an opinion, as to the accuracy, of the Plaintiff's claim, and, the ruling of, Summary Judgment, as a Matter of Law.                    (16)

So, I do not think it can be, as a matter of law, due to not allowing

Defendant to speak, and properly present her case.

Also, entering fraudulent Agreements, and Affidavits, into the court. (Maher v. Hiberia Ins. Co., 67 N.Y. 292).

Parties form a binding contract when the following elements are

present: (1) offer; (2) acceptance; (3) meeting of the minds;

(4) mutual consent; and (5) execution and delivery of the agreement.

These elements did not happen.

To obtain traditional summary judgment on an opposing party's,

claims, the movant must conclusively establish each element of

an affirmative defense. And, They did not.
Centeq Realty, Inc. v. Siegler, 899 S.W. 2d 195, 197 (Tex. 1995).

If a final summary judgment order does not specify the particular

ground on which it is based, it must be shown that each independent

argument alleged in the motion for summary judgment, is insufficient

to support the trial court's order. And, they did not let me speak.

(Ins. Co. of N. Am. v. Sec Ins. Co., 790 S.W. 2d 407, 410 (Tex. App. – Houston [1st Dist] 1990, no writ).

Here the trial court allowed a fraudulent Business Records

Affidavit, along with a fraudulent Customer Agreement,

(17)

into evidence despite being a Violation of the Texas Rules of Evidence 902(10), which specifically requires that we have to have an individual, that is a custodian of the records, that can speak to how these business records were made. Here the Business Records Affidavit presents, Franklin T. Akers, as the affiant. Akers is not a Custodian of Records for Discover Bank. Janice Dorr, the Notary on my affidavit is the affiant on another affidavit that has appeared in lawsuits by Discover Bank in Texas Courts, with Phyllis A. Scholey as Notary.

However, we must apply a de novo standard of review, to the Trial Courts legal conclusions because, this trial court has no discretion in determining what the law is, which law governs, or how to apply the law…. (Okorafor v Uncle Sam & Assocs, Inc. 295 S.W. 3d 27, 38, Tex. App – Houston [1st Dist.] 2009).

These were offered by Plaintiff, in court, as Exhibits A & B.

Hence, all of this culminates into Abuse of Discretion, and Hearsay Rule of Evidence, appellant not receiving due process, as well as fraud.

The trial court erred in issuing an improper judgment, and deliberately prevented the defendant, Rose M. Geister, from

(18)

properly presenting her case.

To vacate the judgment on appeal, the Court must conclude that any error probably caused the rendition of an improper judgment, or, prevented the Appellant, from properly presenting her case, and or, appeal. (Tex. R. App. P. 44.1(a)). To make a determination, the court must review the entire record.

(McGraw v. Maris, 828 S. W. 2d 756,758. (Tex. 1992)).

The fundamental requirement of due process is the opportunity to be heard at a meaningful time, and in a meaningful manner. (Mathews v. Eldridge, 424 U.S. 319,333, 96 S. Ct., 893,902, 47 L. Ed. 2d 18 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S Ct. 1187, 1191, 14 L. Ed. 2d 62 (1965)). A review of the reporter's record will show that the Appellant was never given a fair opportunity to present evidence of her own. To disallow this right to present evidence, or to cross examine Appellee, created a fatal flaw, that the right of Due Process guarantees, to all litigants.

(19)

## PRAYER

WHEREFORE, Appellant respectfully requests:

1. That this Court vacate, or, dismiss for cause, with prejudice

   the trial court's judgment, as though it never happened.

   And, to remove all costs that the Plaintiff asked for,

   in this Summary Judgment, as a Matter of Law.

2. That this Court award costs to the Appellant, including

   preparation costs for the Clerk's record, and the Reporter's

   record, as well as the fee paid to the Appellate Court.

   The total is $377.00.

3. That this Court will have Discover Bank, and Zwicker & Associates,

   remove this Judgment from all Public records, and Credit

   Bureau records, immediately, if dismissed.

Respectfully Submitted

Rose M. Geister
Pro Se Litigant

(20)

# APPENDIX

APPENDIX "A".........................Trial Court's Final Judgment.

APPENDIX "B".........................Proposed findings of fact and conclusions of law.

APPENDIX "C".........................The Complaint, sent to the Judicial Branch Certification Commission about the Court Reporters, improper reporting, is ON FILE, with the 3rd court of Appeals.

APPENDIX "D".........................The Rule 11 Agreement and an Agreed Judgment from Zwicker & Associates, Is ON FILE, with the 3rd Court of Appeals.

APPENDIX "E".........................The Trial Clerk's Records of Motions and Requests, is ON FILE, with the 3rd Court of Appeals.

APPENDIX "F".........................Motion for extension of time to file the Brief....1[st] filing, and correction and answer, to the 1st filing.

## CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this brief, including any caption, cover, table of contents, identities of all parties, list of authorities, issues presented for review, statements of the case, statement regarding oral arguments, statements of facts, summary of the argument, argument and authorities, prayer, appendix, certificate of compliance, and certificate of service is 3793.

*Rae M. Geister*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of October 2015, a true

and correct copy of the foregoing was served, in person, to the

address stated below, pursuant to the Texas Rules of Civil Procedure.

**Third Court of Appeals**
**Price Daniel Sr. Bldg.**
**209 W. 14th Street, Room 101**
**Austin, Texas 78701**

Rose M. Geister

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19, day of October, 2015, a true and

correct copy of the foregoing was served, by mail, 1st class with

confirmation, to the address stated below, pursuant to the

Texas Rule of Civil Procedure.

Zwicker & Associates, P.C.
Old Town Square
1 Chisholm Trail, Suite 301
Round Rock, Texas 78681

Rose M. Geister

# APPENDIX "A"

NO. 14-0679-C

FILED
at _____ o'clock ____M.
HAYS COUNTY, TEXAS
JUL 1 3 2015
_____
COUNTY CLERK

| | | |
|---|---|---|
| DISCOVER BANK, | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | AT LAW NO 2 |
| v. | § | |
| | § | HAYS COUNTY, TEXAS |
| ROSE M. GEISTER, | § | |
| Defendant(s) | § | |

## SUMMARY JUDGMENT

On this date came on to be considered the Motion of Plaintiff in the above-styled and numbered cause for Summary Judgment. After careful consideration of the pleadings, the other summary judgment evidence, and the arguments of the parties, it appears to the Court that there is no genuine issue of material fact and the Plaintiff is entitled to judgment as a matter of law. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that DISCOVER BANK have and recover of and from Defendant ROSE M. GEISTER for the following:

1. A sum of $7,241.19 as the balance due, owing, and unpaid under the Agreement

2. All costs of this proceeding;

IT IS FURTHER ORDERED that this Judgment finally disposes of all parties and all claims, and is appealable.

SIGNED and ENTERED this 13th day of July , 20 15.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

[ ] TROY D. BOLEN
STATE BAR NUMBER 24006199
[ ] ELISE D. MANCHESTER
STATE BAR NUMBER 24070566
[ ] LAURA L. BEDFORD
STATE BAR NUMBER 24025246
[ ] LESLIE L. SUN
STATE BAR NUMBER 24088490
OLD TOWN SQUARE
1 CHISHOLM TRAIL, SUITE 301
ROUND ROCK, TX 78681
ZATXATTORNEYS@ZWICKERPC.COM

# APPENDIX "B"

NO. 14-0679-C

| DISCOVER BANK, | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | AT LAW NO 1 |
| v. | § | |
| | § | HAYS COUNTY, TEXAS |
| ROSE M. GEISTER, | § | |
| Defendant | § | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above-captioned cause came on for Plaintiff's summary judgment hearing before the Court on July 13, 2015. Attorney for Plaintiff and *pro se* Defendant were present at the hearing. Defendant filed to file a response or an affidavit to Plaintiff's Motion for Summary Judgment. After considering the pleadings, the evidence, and the arguments from both parties, the Court makes its findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

1. Plaintiff and Defendant entered into a binding contract ("the Agreement"). The terms of the contract were outlined in the Card Member Agreement. Under the terms of the Agreement, Plaintiff made cash advances to Defendant, either as actual cash or in payment of purchases made by Defendant from third parties. Defendant accepted each advance and under the Agreement because bound to pay Plaintiff the amounts of such advances, plus additional charges under the Agreement.

2. Plaintiff extended credit to Defendant through an account ending in 245. Defendant failed to repay all of the advances made under the Agreement, and was therefore in breach of the Agreement and is liable for breach of contract.

---

3. Defendant admitted that she did owe the debt to Plaintiff. Discover Bank is the original creditor of the account ending in 245 and Plaintiff in this action. Zwicker & Associates, P.C. are attorneys of record for Plaintiff in this action.

4. Plaintiff is entitled to $7,241.19 in damages plus court costs from Defendant.

## CONCLUSIONS OF LAW

5. Defendant is indebted to Plaintiff for the sum of $7,241.19 plus court costs.

6. Plaintiff's right to collection of such indebtedness is not barred by limitations.

Signed this ____17th____ day of ____August____, 2015.

_____
**JUDGE PRESIDING**

Approved as to form and substance:

[X] **TROY D. BOLEN**
**STATE BAR NUMBER 24006199**
[ ] **ELISE D. MANCHESTER**
**STATE BAR NUMBER 24070566**
[ ] **LAURA L. BEDFORD**
**STATE BAR NUMBER 24025246**
[ ] **LESLIE L. SUN**
**STATE BAR NUMBER 24088490**
Zwicker & Associates, P.C.
Old Town Square
1 Chisholm Trail, Suite 301
Round Rock, TX 78681
zatxattorneys@zwickerpc.com
*Attorneys for Plaintiff*

_____
**ROSE M. GEISTER**
156 Granite Shoals Drive
Kyle, TX 78640
rmg721@comcast.net
*Pro Se Defendant*

# APPENDIX "C"

# FILED TO THE 3RD COURT OF APPEALS INTO THE

# APPELLANTS FILE, ON SEPTEMBER 23, 2015

# APPENDIX "D"

September 22, 2015

Docket Number:   03-15-00471-CV

Trial Case Number:  14-0679-C

To:     Jeffrey D. Kyle, Clerk
        Court of Appeals
        Third District of Texas
        P.O. 12547
        Austin, Tx. 78711
        (512) 463-1733
        www.txcourts.gov/3rdcoa.aspx


From:   Rose M. Geister, Appellant
        156 Granite Shoals Drive
        Kyle, Tx. 78640
        (512) 644-7221
        rmg721@comcast.net


Dear Mr. Kyle;

I would like to have this proposed Rule 11 Settlement and
Agreed Judgment, which I have not, and will not, sign, entered
into my file as part of my record. As you can see, it was sent to
me about two weeks after I filed my Notice to Appeal the
Trial Court Judgment.

I will be bringing up in appeals court the fact that they want to
get as much money as they can from me. This paperwork proves it.
On the Rule 11 Settlement you could see that the account with
Discover/Zwicker has been settled with Freedom Debt Relief, of
whom I am a client. It was settled on July 31, 2015. Zwicker and
Associates was told by me, and Freedom Debt Relief, that it was to
be settled by that date, and paid off completely by June 30, 2016.

RECEIVED
SEP 2 3 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

If you look on the Agree to Judgment, you will see that are asking me to pay $6535.19....$706.00 already was paid on August 1st, 2015. That adds up to $7241.19, the amount of the original judgment. They also added on to the original amount of $7241.19, another $367.90. that brings the total that they have asked Freedom Debt Relief for was $7609.09. Which is what they are collecting from Freedom. They settled for 71.43% of $7609.09 which equals $5435.17. They also want me to pay all court costs of the proceedings, of which what the amount will be, I can only imagine.

Paul Swearingen, the lawyer from Zwicker for the trial court proceedings, denied that he even knew what Freedom Debt Relief was. He was saying, "What is that". "I don't know what that is". I wonder why Troy Bolen, the lead lawyer at Zwicker, would send someone to court to fight the case, who did even know what was going on. He also said that he had a witness, but failed to produce that witness. He just read words from a notebook, saying that is what the witness, (from Discover Bank), said.

Freedom Debt Relief is my power of attorney where certain accounts are concerned, including Discover Bank/Zwicker and Associates.

When I called Zwicker and Associates to tell them that I would NOT sign the Rule 11 Settlement, and Agree to Judgment papers, I spoke with Michael Pineda, their Litigation Assistant, he told me that if I did not sign, then they would cancel the settlement. I told him that if you do that, there would be a lawsuit against Zwicker and Discover Bank. I then called Discover Bank, and spoke to Lacey, in their legal department. The date was August 17, 2015. I made her aware, as she was not aware yet, that the account had been settled. She spoke to a Zwicker & Associates while I waited on the phone. I am not sure which Zwicker that was, as there are many of them. She said yes it was settled, and I gave her the breakdown of how it would be paid. She also said, that Zwicker gets a judgment first, so in case I renege, they would have something to fall back on, per se. I believe that it is ridiculous to put an old person (70), who just had chemotherapy and radiation therapy, for the first six months of this

year, for breast cancer through something as serious as this, for 'JUST IN CASE SAKE' sake.

Thank you so much in advance for your time.

Respectfully submitted by,

Rose M. Geister

**ZWICKER & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
OLD TOWN SQUARE 1 CHISHOLM TRAIL, SUITE 301
ROUND ROCK, TX 78681
ZATXATTORNEYS@ZWICKERPC.COM
Tel. 512-218-0488 Fax 512-218-0477
NY CITY RESIDENTS ONLY CALL (877) 368-4531

THIS LAW FIRM
EMPLOYS ONE OR
MORE ATTORNEYS
ADMITTED TO
PRACTICE IN THE
FOLLOWING STATES:

ALASKA

ARIZONA

CALIFORNIA

COLORADO

CONNECTICUT

FLORIDA

GEORGIA

IDAHO

ILLINOIS

KENTUCKY

MARYLAND

MASSACHUSETTS

MICHIGAN

MINNESOTA

NEW JERSEY

NEW HAMPSHIRE

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

SOUTH CAROLINA

TENNESSEE

TEXAS

VIRGINIA

WASHINGTON

WEST VIRGINIA

WISCONSIN

DISTRICT OF
COLUMBIA

August 4, 2015

HAYS COUNTY CLERK
712 S STAGECOACH TRLSUITE 2008
SAN MARCOS, TX 78666

Re: DISCOVER BANK v. ROSE M. GEISTER
In the COUNTY Court AT LAW NO __2__ HAYS County, Texas
Case Number: 14-0679-C

Dear ROSE M. GEISTER

Enclosed, please find an original and one copy of the proposed Rule 11 Settlement Agreement and an Agreed Judgment. Please sign the originals where indicated and return in the enclosed self-addressed and stamped envelope. Please keep the copy for your own records. *Should you not return both signed documents enclosed within 14 days of the date of this correspondence, litigation of this cause will continue*

Please do not hesitate to contact our office if you have any questions or concerns. Your assistance is greatly appreciated.

Very truly yours,

Litigation Assistant
ZWICKER & ASSOCIATES, P.C.
A Law Firm Engaged in Debt Collection

MiCHAEL
PiNEDA
LiTiGATioN ASST.

NO. 14-0679-C

| | | |
|---|---|---|
| DISCOVER BANK, | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | AT LAW NO 2 |
| v. | § | |
| | § | HAYS COUNTY, TEXAS |
| ROSE M. GEISTER , | § | |
| Defendant(s) | § | |

## RULE 11 SETTLEMENT AGREEMENT

All parties to this lawsuit have agreed to settle on the following terms:

1. The parties will approve an Agreed Judgment in favor of Plaintiff for the full amount of Plaintiff's claim, including the balance due on the debt and all court costs. The Agreed Judgment will be filed with the court. So long as Defendant(s) complies with the terms of this agreement, Plaintiff agrees not to abstract the Agreed Judgment or take any post-judgment remedies. However, Plaintiff will consider the judgment satisfied after Defendant(s) makes the payments on time described in paragraph two (2) below.

2. Defendant(s), ROSE M. GEISTER will return a signed original of this Rule 11 Settlement Agreement with a signed original of the Agreed Judgment to Plaintiff at **ZWICKER & ASSOCIATES, P.C.** OLD TOWN SQUARE 1 CHISHOLM TRAIL, SUITE 301 ROUND ROCK, TX 78681 along with the first payment described below, payable to **ZWICKER & ASSOCIATES, P.C.**, P.C. Trust Account, unless that first payment has already been made. All checks and money orders for payments made after the first payment shall be payable to **ZWICKER & ASSOCIATES, P.C.**, P.C. Trust Account and sent to **ZWICKER & ASSOCIATES, P.C.**, P.C., 80 Minuteman Road, Andover, Massachusetts 01810. Defendant(s) agrees to make monthly payments as described below until the total sum balance is paid in full. Defendant(s) will pay in the form of check or money order the total sum of $5,435.00 of which $706.00 has been received up to date, as follows:

   a. **Starting on August 30, 2015 Defendant will make a monthly payment of $ 200.00 to be received by Plaintiff on or before the 30th of each month for 3 consecutive month(s)**

   b. **Starting on November 30, 2015 Defendant will make a monthly payment of $ 516.00 to be received by Plaintiff on or before the 30th of each month for 7 consecutive month(s)**

   c. **Starting on June 30, 2016 Defendant will make a payment of $ 517.00 to be received by Plaintiff on or before the 30th of June, 2016.**

3. Time is of the essence for all payments under this Agreement.

4. Plaintiff will not take any action to recover attorney's fees or post-judgment interest unless Defendant(s) fails to comply with the terms of the Rule 11 Agreement.

5. Plaintiff will file a copy of this Rule 11 Settlement Agreement and the Agreed Judgment with the Court.

6. This Rule 11 Settlement Agreement constitutes the entire agreement of the parties for settlement of the indebtedness which is the basis of this lawsuit, and supersedes all prior negotiations and agreements. There are no oral agreements between the parties not set forth herein.

7. This Rule 11 Settlement Agreement may be revised or modified only by a written instrument signed by both parties, and it shall be binding upon and inure to the benefit of Plaintiff and Defendant(s), and their respective heirs, administrators, representatives, executors, successors and assigns.

8. This Rule 11 Settlement Agreement is made and entered into within the State of Texas and shall, in all respects be construed, interpreted, enforced and governed by the laws of the State of Texas.

9. The language of this Rule 11 Settlement Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for, or against, any of the parties. Should any provisions of this Rule 11 Settlement Agreement be declared, or be determined, by any court to be unenforceable or invalid, the validity of the remaining parts, terms or provisions of this Rule 11 Settlement Agreement shall not be affected and any unenforceable or invalid part, term or provision should not be deemed as a part of this Rule 11 Settlement Agreement.

10.	Defendant(s) expressly represents that he enters into this Rule 11 Settlement Agreement of his own free will and accord, and is not relying upon any representations by any representative or attorney of Plaintiff. Defendant(s) has read this Rule 11 Settlement Agreement and fully understands it. Defendant(s) further represents that the ramifications and legal consequences of this Rule 11 Settlement Agreement have been explained to him by attorneys of his own choosing (or he expressly waives the right and opportunity to obtain such advice by counsel), and he executes it relying wholly upon his own judgment, belief and knowledge of the nature, extent, effect, and duration of the claims and the liabilities compromised and settled by this Rule 11 Settlement Agreement.

**AGREED:**

_____ 	Date: _____

ROSE M. GEISTER
Defendant(s)

_____ 	Date: _____

[  ] **TROY D. BOLEN**
[  ] **ELISE D. MANCHESTER**
[  ] **LAURA L. BEDFORD**
[  ] **LESLIE L. SUN**
Attorneys for Plaintiff
ZATXATTORNEYS@ZWICKERPC.COM

NO. 14-0679-C

| | | |
|---|---|---|
| DISCOVER BANK, | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | AT LAW NO _____ |
| v. | § | |
| | § | HAYS COUNTY, TEXAS |
| ROSE M. GEISTER, | § | |
| Defendant(s) | § | |

## AGREED JUDGMENT

On this date came to be considered the above-styled and numbered cause. Plaintiff and Defendant(s) appeared by their respective counsel. Both parties announced to the Court that all matters in controversy had been compromised and settled, and requested and stipulated that the Court enter the following Judgment. The Court heard the evidence and the arguments of counsel, and is of the opinion that judgment should be entered.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that DISCOVER BANK does have and recover of and from Defendant(s) ROSE M. GEISTER for the following:

1. A sum of $6,535.19 as the balance due, owing, and unpaid under the Agreement;
2. All costs of this proceeding; and

Plaintiff shall have all writs and other process necessary to enforce this Judgment. All relief not expressly granted herein is denied. This Judgment finally disposes of all parties and all claims, and is appealable.

SIGNED this _____ day of _____, 20____.


_____
JUDGE PRESIDING



**AGREED AS TO FORM AND SUBSTANCE:**

_____
ROSE M. GEISTER
Defendant(s)


_____
[ ] TROY D. BOLEN
STATE BAR NUMBER 24006199
[ ] ELISE D. MANCHESTER
STATE BAR NUMBER 24070566
[ ] LAURA L. BEDFORD
STATE BAR NUMBER 24025246
[ ] LESLIE L. SUN
STATE BAR NUMBER 24088490
OLD TOWN SQUARE
1 CHISHOLM TRAIL, SUITE 301
ROUND ROCK, TX 78681
ZATXATTORNEYS@ZWICKERPC.COM

## Rose Geister

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of Freedom Settlement [nharrop@freedomdebtrelief.com] |
| **Sent:** | Wednesday, July 29, 2015 12:35 PM |
| **To:** | rmg721@comcast.net; rmg721@comcast.net |
| **Subject:** | ***SETTLEMENT FROM FREEDOM DEBT RELIEF*** |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

| | |
|---|---|
| **Categories:** | Red Category |



Dear Rose Geister,

**Congratulations, Freedom has successfully negotiated a settlement of one of your creditor accounts. In order to process this settlement and facilitate the payment in a timely manner, <u>your authorization of this settlement is required.</u>**

You may authorize this settlement in one of the following ways:

- Please click the button below to approve your settlement.

**APPROVE**

- Call 800-655-6303 to review and approve the settlement terms with an Agent
- Log on to the Freedom Debt Relief's Client Portal at www.Fdrclient.com with your username and password and follow the on-screen prompts.
    - *You will need to register first if you have not already done so.*
- **Settlement Detail:**

| | |
|---|---|
| The Creditor being paid: | Zwicker & Associates |
| Original Creditor: | Discover |
| The Account Number with that Creditor |  |
| Total Settlement Amount: | $5,435.00 |
| Total Current Balance | $7,609.09 |
| Settlement % | 71.43 % |

1

This settlement and any associated fees are scheduled to be paid over the next 12 months.

**SETTLEMENTS ARE TIME SENSITIVE, AND A DELAYED AUTHORIZATION MAY JEOPARDIZE THE SETTLEMENT AGREEMENT THAT HAS BEEN NEGOTIATED WITH THIS CREDITOR. If FDR does not receive your authorization, we will not be able to process the payment to your creditor, which will cause you to lose the settlement.**

<u>Please complete the authorization as soon as possible.</u>

If the total amount of your settlement is to be paid in more than one installment, your creditor may, from time to time, request or agree to adjust either the payment date or the payment amount of any installment. By your execution, below, you are authorizing us to accept a creditor request or agreement to the adjustment of either the payment date or the payment amount of any installment, PROVIDED that under no circumstances will any such adjustment increase the "Total Settlement Amount" set forth above.

Thank You,

Iliana Valenzuela

**Again for your convenience you can click the button below to approve your settlement.**

[APPROVE]

## Rose Geister

**From:** noreply@salesforce.com on behalf of Client Services [support@freedomdebtrelief.com]
**Sent:** Wednesday, July 29, 2015 1:31 PM
**To:** rmg721@comcast.net
**Subject:** Congratulations from Freedom Debt Relief



**1(800) 655-6303**

Dear Rose:

Congratulations! Freedom Debt Relief has successfully negotiated a settlement on one of the accounts in your Debt Reduction Program. Listed below is a summary of the settlement terms obtained on your behalf.

Creditors Name:

Original Creditor: Discover

Date of Settlement: 07/31/2015

Current Balance: $7,609.09

Settlement Amount:

Amount Saved:

Settlement Percentage: % 71.43%

Freedom Debt Relief is excited to share this news with you and will continue to work hard to maximize your savings and to complete your program as quickly as possible. If you have any questions or concerns, please feel free to contact our Customer Service department at 1-800-655-6303.

Sincerely,

*Settlement Negotiations Department*

Freedom Financial Network, LLC

Freedom Debt Relief
4940 South Wendler Drive, Suite 210
Tempe, AZ 85282
Privacy Policy | Terms of Use | Unsubscribe

Copyright 2015 freedomdebtrelief.com all right reserved.

# APPENDIX "E"

NOTICE OF APPEAL FOR SUMMARY JUDGEMENT

CAUSE NO. 14-0679-C

FILED

2015 JUL 21 AM 9: 28

COUNTY CLERK
HAYS COUNTY, TEXAS

ZWICKER AND ASSOCIATES
(DISCOVER BANK)
   **Plaintiff**

IN THE COUNTY COURT

AT LAW NO. 2

HAYS COUNTY, TEXAS

ROSE M. GEISTER
   **Defendant**

## NOTICE OF APPEAL

This Notice of Appeal is filed by Rose M. Geister, Appellant, a party to this proceeding who seeks to alter the trial court's <List Judgment or other Appealable Order>.

1. The trial court, cause number, and style of this are shown in the caption above.

2. The <Appealable Order by Trial Court> was signed on July 13, 2015.

3. Rose M. Geister desires to appeal all portions of the judgment.

4. This appeal is being taken to the 3rd Court of Appeals, in Austin, Texas.

5. This notice of appeal is being filed by Rose M. Geister.

Respectfully submitted,

Rose M. Geister

156 Granite Shoals Drive

Kyle, Texas 78640

Tel: (512) 644-7221

By: Rose M. Geister

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was this date served

upon all counsel of record by delivering it, in person, to:

Hays County Clerk,

and the,

Hays County Court of Law,

both located at:

712 S. Stagecoach Trail

San Marcus, Texas 78666

On this 21 ST day of July, 2015.

Respectfully submitted by:

Rose M. Geister

156 Granite Shoals Drive

Kyle, Texas 78640

(512) 644-7221

# APPENDIX "F"

<u>October 15, 2015</u>

<u>CORRECTION OF THE MOTION FOR AN EXTENSION OF TIME TO FILE A BRIEF</u>

DOCKET NUMBER – 03-15-00471-CV

CAUSE NUMBER – 14-0679-C

ROSE M. GEISTER
   APPELLANT (PRE SE)

DISCOVER BANK/ZWICKER & ASSOCIATES
   PLAINTIFF

I, Rose M. Geister, the Appellant, have tried repeatedly in the past week to confer with Zwicker & Assocs. to see if there was any opposition to my taking the additional time. The first time I called, on 10/07/2015, I spoke to Jessica, a litigation asst., told her what I needed, then asked to speak to Troy Bolen. She told me to hold on, and I did for three minutes. I then called back, and it went straight into the answering machine. Each time I called after that it went straight into the answering machine. I will be in the Deputy Asst. office, Mr. Crocker, at the 3rd court of appeals on Monday, 10/19/2015, to pay the $10.00 due, enter this corrected Motion, and to file my brief.

Thank you for your time in advance.

Respectfully submitted by:

Rose M. Geister

156 Granite Shoals Drive
Kyle, Texas 78640
(512) 644-7221
rmg721@comcast.net

September 30, 2015

## MOTION FOR AN EXTENSION OF TIME TO FILE APPELLANT'S BRIEF

DOCKET NUMBER - 03-15-00471-CV

CAUSE N NUMBER - 14-0679-C

**ROSE M. GEISTER**
    **Defendant**

**ZWICKER & ASSOCIATES**
**(DISCOVER BANK)**
    **Plaintiff**

I, Rose M. Geister, the appellant, would like to file a "Motion for an Extension of Time to File my Brief". I would like the extension to be 30 days, resulting in a due time for the brief to be due as November 12, 2015, if possible.

Respectfully Submitted by:

Rose M. Geister

156 Granite Shoals Drive
Kyle, Texas 78640
(512) 644-7221
rmg721@comcast.net